■  CLAUDE S. JONES, Respondent, v. ERSKINE KING, Appellant.— Order dated December 4, 1964 granting plaintiff's motion to dismiss the affirmative defense alleging a lack of jurisdiction over the person of the defendant, unanimously reversed, on the law and the facts, without costs, and without disbursements, and motion denied. Before substituted service may be made pursuant to the provisions of CPLR 308 (subd. 3) it must be established that service by delivery of the summons to the person "cannot be made with due diligence." The affidavit of the process server is less than satisfactory in this regard. It is conclusory and fails to supply information sufficient to enable us to make a determination that his efforts did constitute the requisite "due diligence". Nor does the affidavit furnish any details as to the facts surrounding the affixation of the summons so that it cannot be determined whether such affixation was in compliance with the statute. We might add that this determination does not reach the merits of the defense. Neither the papers submitted by the plaintiff

nor those submitted by the defendant permit of an adjudication on the merits. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.