■ JULES BONNEFIN et al., Respondents, v. ELMER A. PERKINS, Appellant. — REYNOLDS, J. Appeal from an order of the Supreme Court at Special Term, Sullivan County, which denied appellant's motion to open a default judgment and to set aside service of the summons or, in the alternative, to permit appellant to interpose an answer. In 1965 the parties were involved in an automobile accident resulting in personal injury to the respondents. Respondents retained counsel who communicated with appellant's insurer as to possible settlement of the case. When no agreement was reached by late 1966, the respondents commenced an action by means of substituted service upon appellant at 2100 Fifth Avenue in New York City. The affidavit of the process server indicates that he went to that address on December 24, 1966 and talked to the building superintendent who stated that appellant lived there but was not available for personal service. The affidavit then states that "further diligent efforts to effect personal service upon the said Defendant at the forementioned address" were made on December 26 and December 27 and that personal service could not be made. The affidavit then avers that the summons was affixed " to the door of his said residence — since admittance could not be obtained by reasonable application, or a person of suitable age and discretion found " and that a copy was mailed " to the said defendant at the aforementioned dwelling house — usual place of abode — last known residence address." The appellant failed to appear in the action and, after respondents had mailed a copy of the summons to the insurer and requested them to appear, they proceeded to inquest and obtained a judgment. A copy of the judgment was sent to the appellant at the Fifth Avenue address by registered mail, return receipt requested. The receipt signed by appellant was received by respondents. Shortly thereafter appellant, by an order to show cause, sought to have the judgment vacated and service set aside or, in the alternative, to be allowed to answer. His affidavit stated that he had never lived at the Fifth Avenue address, that he had recently moved to Anderson Street in New York City and, for three years prior to that, that he had lived at 130th Street. He swore that he had never received any summons at his residence or through the mail and claimed that he had a good

defense to respondents' action in that respondent Jules Bonnefin had been the negligent driver. His counsel submitted an affidavit stating that when his office received a copy of the summons they had contacted appellant who insisted that he had never received any summons. Special Term denied appellant's motion and held that the default was not excusable and that the appellant had not acted diligently. Appellant contends that there is not a sufficient showing that adequate efforts were made with "due diligence" to serve him by personal service as required by CPLR 308 (subd. 3). In particular he objects to the process server's affidavit, apparently executed upon a form, as being insufficient to sustain the service, at least while unamplified by a hearing or further affidavits of the process server. Of course, the affidavit of the process server as amplified by the other available evidence in the record must be sufficient to enable the court "to make a determination that his efforts did constitute the requisite 'due diligence'." (*Jones* v. *King*, 24 A D 2d 430.) Here, despite the fact that appellant denies he resided at the Fifth Avenue address, there is sufficient proof to conclude that service there was proper in that it was the address appearing on the police blotter and on the records of the Department of Motor Vehicles, the building superintendent indicated appellant lived there, and the return receipt sent when the judgment was sent to the appellant at the address was signed by the appellant. As against this background the factual averments in the affidavit of service that the affiant had attempted service on these premises on three occasions constitute proof adequate to sustain the service. In our view, appellant has not shown that the summons was not properly served, but did show facts sufficient to open the default and be permitted to interpose an answer in accordance with appellant's alternative request for relief. Order modified, on the law and the facts, by granting appellant's motion to open the default and permitting the interposing of an answer to the summons and complaint within 20 days and, as so modified, affirmed, without costs. Settle order. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum by Reynolds, J.