■ ALFRED BARNES et al., Appellants, v CITY OF NEW YORK et al., Defendants, and ARTHUR SCHWARTZ et al., Respondents.—In a consolidated negligence action to recover damages for personal injuries, plaintiffs appeal from an order of the Supreme Court, Kings County, dated October 20, 1977, which, after a hearing, *inter alia,* granted defendants Schwartz' motion to dismiss the complaint against them. Order affirmed, with costs. Defendants Schwartz moved to dismiss the complaint, *inter alia,* for lack of in personam jurisdiction over them (see CPLR 3211, subd [a], par 8). The facts are not in dispute. A process server attempted to serve a summons on plaintiffs' behalf upon the Schwartzs at their home on September 5, 1973 at 10:00 A.M., September 6, 1973 at 5:10 P.M., September 7, 1973 at 1:00 P.M. and September 11, 1973 at 8:20 A.M. (Wednesday, Thursday, Friday and Tuesday, respectively); on each occasion he rang the bell, but found no one at home. He inquired of a neighbor and was told that the Schwartzs lived next door but that she could provide him with no information as to their whereabouts. He did not, however, attempt to ascertain the Schwartzs "actual place of business" (see CPLR 308, subd 2). Thereafter, in accordance with the procedure prescribed in CPLR 308 (subd 4) for effecting substituted personal service (i.e., the mailing and nailing provision), the process server affixed two copies of the summons to the door of the Schwartz home and mailed a copy to said home. Defendant Arthur Schwartz testified that they neither received nor saw a copy of the summons. At the time involved both Mr. and Mrs. Schwartz were employed. Special Term found service to be ineffective. We agree. Before a process server may avail himself of the form of service that was utilized in this case, he must exercise due diligence to effect personal service pursuant to CPLR 308 (subd 1 or 2) (see CPLR 308, subd 4; *Jones v King,* 24 AD2d 430). We think that the process server's unsuccessful attempts to find the Schwartzs at home when he sought to serve them during normal working hours should have indicated to him that they were working people. Yet, there was no attempt to effect personal service in accordance with CPLR 308 (subd 1 or 2), either at a time when one might have reasonably expected such individuals to be at home, prior to leaving for work or after working hours, or at their place of business. Accordingly, we agree with Special Term's determination that the facts adduced do not establish that the process server exercised such due diligence as the statute requires to permit the use of substituted service. As Special Term observed, "the due diligence requirement refers to the quality of the efforts made to effect personal service, and certainly not to their quantity or frequency." Mollen, P. J., Gulotta and Shapiro, JJ., concur.

Martuscello, J., dissents and votes to reverse the order and to deny defendants Schwartz' motion to dismiss the complaint, with the following memorandum, in which Hopkins, J., concurs: This is a personal injury

action in which damages are sought, *inter alia,* for the loss of an eye by one of the plaintiffs resulting from an automobile accident which occurred on September 19, 1970. According to the affidavit of service timely substituted service was effected on September 11, 1973 in accordance with CPLR 308 (subd 4). It was not until March 17, 1977, more than three years after defendants Schwartz had appeared and answered (asserting, *inter alia,* lack of jurisdiction) that they moved to dismiss the action on the grounds of lack of personal jurisdiction and the bar of the Statute of Limitations. Special Term, *sua sponte,* treated the motion as one for summary judgment. The court asserted that "the only alleged facts in this case are those described in the plaintiff's *[sic]* copy of the process server's affidavit of service, which facts are virtually undisputed by the moving defendants." Special Term concluded that "the issue must be decided as a matter of *law".* The court accepted the factual statements of four attempts of personal service on September 5, 6, 7 and 11, 1973 at 10:00 A.M., 5:10 P.M., 1:00 P.M. and 8:20 A.M., respectively. It also implicitly accepted as true the assertion of the process server that he had made inquiry of a "Ms. Rosenfeld, one of the neighbors [and] was told that the defendants live in those premises, but she could not give [the process server] any information as to the availability of the defendants". Also accepted by Special Term was the process server's assertion that he had attached copies of the summons to the door of the Schwartz' residence on September 11, 1973, on which day he mailed two copies to the same home address. The majority of this court, on the authority of *Jones v King* (24 AD2d 430), has asserted the novel and extremely harsh rule that the statutory requirement of attempted direct personal service "with due diligence" means that a process server, after repeated futile attempts at service at the defendants' home, must make a desperate search to find out whether or where they work, or that he must come to their home in the late evening or early morning hours. If it is accepted (and Special Term did so accept) that the process server did make four efforts at different hours of the day, and did "nail and mail", such service is sufficient to give the defendants proper notice of the contents of the summons. To make it a hard and fast rule that "due diligence" requires any particular formula of further searching as to place of employment or going to the home at late hours of the night would constitute a judicial creation of a standard which the Legislature never indicated was necessary. A recognition of the devastating effect of the defeat of a cause of action at its very doorstep (literally as well as figuratively) because the plaintiffs' attorney accepted as true the factual assertions of the affidavit of service which indicated repeated attempts to make direct personal service (which were, in fact, made), should lead us to give a reasonable and liberal interpretation to the "due diligence" requirement of the statute. In a closely balanced fact situation, where serious attempts at direct personal service and "nailing and mailing" are undenied, the court should not assert rules-of-thumb which are to be retrospectively applied. This does not derogate "due diligence" to a mere formality; it means that plaintiffs' attorneys may rely on serious attempts to make direct personal service and not fear that a newly conceived rule-of-thumb will destroy their cases. I believe that *Jones v King* (24 AD2d 430, *supra)* is not applicable to the facts of this case. *Jones* merely asserted the hornbook rule of the insufficiency of a process server's affidavit as to substituted service which "is conclusory and fails to supply information sufficient to enable [the court] to make a determination that his efforts did constitute the requisite 'due diligence' ". Here Special Term found that the affidavit of service was not conclusory and not "devoid of sufficient

detail". In fact, the affidavit is clear and precise, even furnishing the name of a neighbor to whom the process server had spoken. Moreover, the respondents do not seriously controvert the assertions of the affidavit (see *Bonnefin v Perkins,* 32 AD2d 722; *Denning v Lettenty,* 48 Misc 2d 185; *Goldenthal v Terry,* 44 Misc 2d 851).