■ ALBERT COMPETELLO, as Administrator of the Estate of THERESA COMPETELLO, Deceased, et al., Respondents, v ANTHONY GIORDANO, Appellant.—In a medical malpractice action, defendant appeals from an order of the Supreme Court, Kings County, dated July 26, 1978, which, after a traverse hearing, granted the plaintiffs' motion to strike his affirmative defense of lack of personal jurisdiction. Order reversed, without costs or disbursements, and motion denied. The defendant, a physician, has interposed the affirmative defense of lack of personal jurisdiction (see CPLR 3211, subd [a], par 8). Upon this record, the defense should not have been stricken. Process was served upon the defendant pursuant to CPLR 308 (subd 4), i.e., by "nailing" process to the door of what apparently is the defendant's residential office and "mailing" process to the same address. The process server testified that he attempted to effect personal service on the defendant at this address on three occasions before utilizing substituted service: on November 18, 1976 at 8:30 P.M.; on November 19, 1976 at 8:00 A.M.; and on November 20, 1976 at 7:30 A.M. Failing at this, the process server resorted to substituted service. We agree with the defendant, however, that such service was impermissible for want of a showing of "due diligence" within the meaning of CPLR 308 (subd 4) (see *Jones v King,* 24 AD2d 430). As this court recently observed with respect to a similar fact pattern, "We think that the process server's unsuccessful attempts to find the [defendants] at home when he sought to serve them during normal working hours should have indicated to him that they were working people. Yet, there was no attempt to effect personal service in accordance with CPLR 308 (subd 1 or 2), either at a time when one might have reasonably expected such individuals to be at home, prior to leaving for work or after working hours, or at their place of business. Accordingly * * * the facts adduced do not establish that the process server exercised due diligence as the statute requires" *(Barnes v City of New York,* 70 AD2d 580). Likewise, in the instant case, knowing the defendant to be a physician, the process server should have attempted personal service at a time when he might

have reasonably expected to find the defendant home and not on rounds at the hospital. Lazer, J. P., Rabin, Shapiro and Margett, JJ., concur.