VINCENT J. CARFORA et al., Appellants, v STEVEN J. PESIRI, Respondent.

Second Department, October 25, 1982

APPEARANCES OF COUNSEL

*Segan, Culhane, Nemerov & Geen, P. C. (Geraldine J. Gould* of counsel), for appellants.

OPINION OF THE COURT

*Per Curiam.*

In support of their motion for a judgment by default and assessment of damages in a negligence action to recover for personal injuries, etc., the plaintiffs submitted an affidavit of service by a process server in which he stated that he attempted to effect personal service upon the defendant at his residence located at 38 South Howell Avenue, Farmingdale, New York, by attempts made on August 19, 1980 at 3:55 P.M., on August 20 at 5:59 P.M., and on August 21 at 2:30 P.M. He also stated, with respect to his last visit, as follows:

> "Deponent spoke with 'Jill' Pesiri an infant daughter at the aforementioned address, who stated to deponent that the said defendant(s) lived

worked there. That personal service could not be made with due diligence upon the said defendant(s) and therefore deponent on the 21st day of August 1980 at 2:30 P.M., at the aforementioned address, served a true copy of the summons and complaint herein upon the said defendant(s) Steven J. Pesiri by affixing the same to the door of defendant's said residence — place of business — usual place of abode, since admittance could not be obtained upon reasonable application, or a person of suitable age and discretion found who would receive the same".

He also stated that he mailed true copies to the defendant at said address on August 22, 1980. The motion was unopposed and denied by order dated March 2, 1981. Plaintiffs' instant appeal is from said order.

In a supplemental affidavit, thereafter submitted on a motion to renew, the process server stated that, on his last visit on August 21, 1980, he "spoke to a young girl at the house, whose age was approximately 12 or 13 years old and said girl informed your deponent that Steven Pesiri did reside at the house, but that he was *not home at the present time* and *was in and out* of the house at various times and did not know when Mr. Pesiri would be back at the house." (Emphasis added.) There was no showing by the process server that he made any effort to ascertain the defendant's place of employment, nor to attempt service at that place. The motion to renew was denied by order dated May 26, 1981, and no appeal was taken therefrom.

Special Term correctly held the attempted service to be invalid and properly denied plaintiffs' motion for judgment by default.

The attempted service herein pursuant to CPLR 308 (subd 4) is defective as a matter of law for lack of due diligence in that, on the one hand, there is no showing that the process server endeavored to ascertain the place of defendant's employment and to attempt to effect service thereat pursuant to the provisions of CPLR 308 (subds 1 or 2), which are the primary methods of service to be attempted (see *Levin v McGovern,* 53 AD2d 1042, 1043; *Jones*

*v King,* 24 AD2d 430), and, on the other hand, after having been informed that the defendant was not at home, it was reasonable to assume that the adult person for whom the summons and complaint were intended would return to the residence after the usual working hours of the day, and that ordinary diligence would demand that a further attempt at service of process be made at such later time or in the early morning hours. The process server's neglect to do so impels the conclusion that the "due diligence" required by the statute is lacking (see *Barnes v City of New York,* 70 AD2d 580, affd 51 NY2d 906).

The burden of proof to establish in personam jurisdiction rests upon the plaintiffs, and, under the facts and circumstances of this case, we conclude that they failed to satisfy their burden as a matter of law (see *Bernardo v Barrett,* 87 AD2d 832).

Accordingly, the order appealed from, dated March 2, 1981, denying plaintiffs' motion for judgment by default and an assessment of damages should be affirmed.

GIBBONS, J. P., WEINSTEIN, O'CONNOR and BOYERS, JJ., concur.

Order of the Supreme Court, Suffolk County, dated March 2, 1981, affirmed, without costs or disbursements.