■ PacAmOr Bearings, Inc., Respondent, v Kenneth Foley, Appellant. — Appeal from a judgment of the Supreme Court at Trial Term (Kahn, J.), entered July 1, 1982 in Rensselaer County, which denied defendant's motion to dismiss the complaint for lack of personal jurisdiction. After a hearing at which the process server, defendant, and various members of defendant's family testified, it was adjudged that service of the summons and complaint upon defendant, pursuant to CPLR 308 (subd 4), was proper; defendant appeals. "Nail and mail" service is unsustainable unless there is proof that the process server first attempted with "due diligence" to cause service to be made in accordance with the provisions of CPLR 308 (subds 1, 2). In this instance, the "due diligence" requirement was not met. The process server went to defendant's home on four separate occasions — once at 5:15 P.M. on Saturday, December 26, 1981, and three times the following week: Monday at 11:40 A.M. and 3:10 P.M., Wednesday at 4:00 P.M., and last on Friday at 3:55 P.M. Each time he rang the doorbell, knocked on the outer screen door of the main entrance, and received no response. On the final occasion, after unsuccessfully attempting to tack the summons and attached complaint to an exterior screen door frame, he placed it between the screen door and the door jamb. One of defendant's children later discovered the document in defendant's mailbox which was located immediately adjacent to the front door. Because there is a reduced likelihood that a defendant will actually receive the summons when it is served under CPLR 308 (subd 4), the requirement of "due diligence" is to be stringently observed (McLaughlin, 1981 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1982-1983 Pocket Part, CPLR C308:4, p 140). The server admitted he never even attempted to open the screen door, which was always unlocked, either to use the large brass door knocker on the interior wooden door or to tack the summons to that door. His endeavor to make personal service was woefully perfunctory; he did not knock at the house's rear entrance, nor try to telephone defendant or make inquiries

of the neighbors regarding defendant's whereabouts or place of employment. Such a flawed effort to effect personal service constitutes a lack of due diligence as a matter of law (see *Carfora v Pesiri*, 89 AD2d 237; *Competello v Giordano*, 71 AD2d 871; *Barnes v City of New York*, 70 AD2d 580, affd 51 NY2d 906). Furthermore, the wedging of the summons between the screen door and the door jamb is not an "affixation" within the meaning of the statute. The affixing of a summons to the door is to be accomplished by use of a nail, tack, tape, rubber band or some other device which will ensure a genuine adherence (see Siegel, New York Practice, § 74). Judgment reversed, on the law and the facts, with costs, and motion to dismiss complaint granted. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.