Sullivan, J.
(dissenting). I dissent and would reverse the order appealed from and vácate the final judgment of possession rendered in favor of the landlord. Since the tenant has long been out of possession, he should not now be restored to possession of the premises but relegated to an action for wrongful eviction.
I subscribe to the growing body of authority, alluded to but rejected by the majority, which holds that unsuccessful attempts to make personal or substituted service at defendant’s dwelling place or usual place of abode during “normal working hours” are per se an insufficient predicate for conspicuous place service. Thus in Barnes v City of New York (70 AD2d 580 [Martuscello and Hopkins, JJ., in dissent], affd 51 NY2d 906), it was held that the “due diligence” standard required for conspicuous place service under CPLR 308 had not been met where the process server had attempted personal service at the defendants Schwartzes’ home on September 5,1973 at 10:00 a.m., September 6, 1973 at 5:10 p.m., September 7,1973 at 1:00 p.m. and September 11, 1973 at 8:20 a.m. (Wednesday, Thursday, Friday and Tuesday, respectively). The court in Barnes (supra, p 580) faulted the process server for not attempting to ascertain the Schwartzes’ actual place of business (see CPLR 308, subd 2), noted that the Schwartzes were indeed employed, and further stated: “We think that the process server’s unsuccessful attempts to find the Schwartzes at home when he sought to serve them during normal working hours should have indicated to him that they were working people. Yet there was no attempt to effect personal service in accordance with CPLR 308 (subd 1 or 2), either at a time when one might have reasonably expected such individuals to be at home, prior to leaving *463 for work or after working hours or at their place of business.”
In Brooklyn Hgts. Realty Co. v Gliwa (92 AD2d 602), where “reasonable application” as a basis for conspicuous place service under RPAPL 735 was at issue, a unanimous Appellate Division, Second Department, sustained tenant’s objection to jurisdiction citing Parkchester Apts. Co. v Hawkins (111 Misc 2d 896) and noting (p 602): “Here, personal service was attempted at a time [i.e., 3:40 p.m.] when most people are at work. Moreover, the process server had previously attempted to serve process during normal working hours but had similarly found no one at home. Hence, on this occasion, the process server could not have reasonably expected that he would succeed in effectuating personal service.” (See, also, Carfora v Pesiri, 89 AD2d 237; S.P.S.G., Inc. v Collado, 113 Misc 2d 167, 168.)
In the instant action the landlord’s process server made a single visit to tenant’s apartment during normal working hours and did so without information indicating that the tenant (or a person of suitable age and discretion) was likely to be found on the premises during usual working hours of the week. Indeed, the record reflects that neither the tenant nor another of suitable age and discretion were generally at the premises during the normal workday. Under these circumstances, the process server’s single visit to tenant’s apartment at 12:28 p.m. on a Friday did not constitute reasonable application within the meaning of RPAPL 735.
Hughes, J. P., and Riccobono, J., concur; Sullivan, J., dissents in a separate memorandum.