OPINION OF THE COURT
Charles E. Ramos, J.
This motion raises as an issue whether a plaintiff in an action involving a consumer credit transaction has the right to avail itself of the provisions of CPLR 308 (subd 4) (substituted service) if the only attempt to make personal service was at the defendant’s residence address at a time when the business address was also known to the plaintiff. No recorded case exists on this point.
The defendant contends that it can be objectively shown that when such a plaintiff knows both the residence and the business addresses of the defendant, due diligence as is provided in CPLR 308 (subd 4) requires that prior to effecting substituted service, the plaintiff must attempt to serve personally at the defendant’s place of business.
In this case, the summons listed defendant’s residence and business addresses. Even if those addresses were not printed on the face of the summons, objective proof of plaintiff’s knowledge could be easily proven by the credit application filed by the defendant with the plaintiff.
In Barnes v City of New York (70 AD2d 580, 51 NY2d 906), the Appellate Division, Second Department, held that when it appeared that a defendant was a working person, service pursuant to CPLR 308 (subd 1 or 2) (personal service) must be attempted during nonworking *958 hours, at a time when it would be most likely that the defendant would be at home.
The case at bar presents a similar issue, i.e., should the due diligence rule of CPLR 308 (subd 4) be interpreted so as to require service at both business and residence addresses, if both are actually known to the plaintiff.
For this court to rule, as the plaintiff urges, that it has satisfied the due diligence requirement to serve the defendant personally while ignoring the defendant’s business address, would be contrary not only to the most recently published cases, but would also offend this court’s concept of justice.
Any embarrassment that might be caused to a defendant served at his place of business is more than offset by the reduction in the use of substituted service and the concomitant traverse proceedings and motions to vacate defaults that inevitably flow therefrom.
Complaint dismissed.