OPINION OF THE COURT
David Saxe, J.
Defendant, Jose Musacchio, has brought this motion to reject the report of the Referee and for leave to renew or to reargue his former motion to dismiss the complaint (pursuant to which the above-mentioned reference was directed).
In defendant’s former motion he first argued that the predicate showing of due diligence had not been met in order to resort to substituted "nail and mail” service of process. (CPLR 308 [4].) He further argued that, in the event due diligence had been shown, then service was nevertheless invalid because the "nailing” of the summons was not done at his actual dwelling place, but rather, at his former residence at 100 Bleeker Street, still occupied by his former wife. However, based on the fact that defendant was listed in the 1983-1984 Manhattan telephone directory as residing at his former residence, I determined that he held himself out as actually living at the address. And, in the absence of proof that plaintiff knew or had reason to know that this was not the defendant’s actual dwelling place, I held that defendant was estopped to deny that such address was not his actual dwelling place for purposes of CPLR 308 (4). I then directed a *837 reference on the contested issue of whether a "mailing” had been made by the process server following the "nailing” as is required by statute.
On this motion to reargue, defendant asks this court to reconsider its finding on the predicate issue of "due diligence”. It is defendant’s contention that resort to substitute service was improper insofar as there were only two unsuccessful attempts by the process server of personal service at the 100 Bleeker Street address, and further that the plaintiff knowing of defendant’s actual place of business, should have attempted to serve him or a person of suitable age and discretion at his business address, before resorting to substitute service. On both points, I accept defendant’s position, and accordingly grant his motion to reargue and renew.
Here the two unsuccessful attempts at service were allegedly made at 6:10 a.m. on Monday, February 20 and at 7:30 p.m. on Wednesday, February 22. In a recent case, the Appellate Division, Second Department, found three similar attempts at service inadequate. (Kaszovitz v Weiszman, 110 AD2d 117.) The court noted that all three attempts occurred on weekdays and fell within times of day which one could reasonably conclude were normal working hours, or when defendant might be in transit to or from his place of employment. The court thus found the affidavit of service, on its face, to show a lack of due diligence and dismissed the complaint. The facts here are analogous to those presented in the Kaszovitz case, and for that reason, I hold that resort to substitute service was improper for lack of due diligence.
Defendant’s second contention that due diligence required the plaintiff to attempt personal service upon him at his actual place of business is also correct. In Blakeslee v Cochran (NYLJ, Aug. 21, 1985, p 6, col 1 [App Term, 1st Dept]), the court considered it relevant that the plaintiff, although knowing of the defendant’s business address (which was listed in defendant’s lease application given to plaintiff therein), did not attempt to personally serve him there, after three unsuccessful attempts at service at his actual dwelling place. The court, holding that due diligence had not been met, dismissed the complaint for lack of jurisdiction. It stated: "Given the fact that service was attempted only during normal working hours and that the process server made no showing of any effort to gain entrance to the building by contacting neighbors or the superintendent, or any attempt to serve defendant at the place of employment which was known to the plaintiff, *838 there was, as a matter of law, a lack of due diligence to affect personal service (Barnes v. City of New York, 70 AD2d 580, aff'd 51 NY2d 996; Carfora v. Pesiri, 89 AD2d 237; PacAmOr Bearings, Inc. v. Foley [92 AD2d 959])” (p 6, col 1).
Here, plaintiff clearly knew where the defendant worked since the plaintiff himself had previously worked and studied at the same location under the defendant’s supervision. In light of the two unsuccessful attempts at service at the 100 Bleeker Street address, the process server should have endeavored to serve the defendant at his place of employment. Having failed to do so, I hold that "due diligence” was not observed.
For the reasons above stated, I need not consider defendant’s motion to reject the Referee’s report because it is now rendered moot. I note, however, that the report was most likely erroneous because the Referee apparently shifted the burden to the defendant to disprove the process server’s act of mailing under CPLR 308 (4). This improper burden shifting can be gleaned from the Referee’s statement that "It (mailing) is so easily done that I don’t find any motivation to omit the act.”
Defendant’s motion to reargue is granted and the complaint is dismissed.