■ PAUL LADELL, Respondent, v IRVING E. FIELD, Appellant. —In a supplementary proceeding to enforce a money judgment, defendant appeals (1) from an order of the Supreme Court, Westchester County (Donovan, J.), dated November 2, 1983, which granted plaintiff's motion for an order adjudging defendant in contempt of court and *inter alia,* imposed a fine for his failure to respond to a summons and granted defendant leave to purge himself of contempt by appearing for an examination as a judgment debtor at the office of plaintiff's attorney; (2) from an order of the same court (Donovan, J.), entered February 23, 1984, which granted that branch of defendant's motion which sought to vacate the order adjudging him in contempt only on condition that he appear for a deposition and denied that branch of defendant's motion to declare service of the subpoena void; (3) as limited by his brief, from so much of an order of the same court (Donovan, J.), entered May 31, 1984, as directed the arrest and confinement of defendant; (4) an order of the same court (Delaney, J.), entered July 3, 1984, which ordered defendant to pay a fine pursuant to Judiciary Law § 773 and to post an undertaking; (5) as limited by his brief, from so much of an order of the same court (Donovan, J.), entered July 26, 1984, as denied that branch of defendant's motion as was for renewal and reconsideration; and (6) from an order of the same court (Delaney, J.), dated July 30, 1984, which amended the order entered July 3, 1984, by, *inter alia,* adding a provision directing defendant to appear for a debtor deposition on August 22, 1984, or be civilly committed.

Order dated November 2, 1983 and orders entered February 23, 1984, July 3, 1984 and July 30, 1984 reversed, and order entered May 31, 1984 reversed, insofar as appealed from, on the law, without costs or disbursements, and proceeding dismissed.

Appeal from the order entered July 26, 1984 dismissed as academic, without costs or disbursements, in light of our determinations on the appeals from the other orders.

Plaintiff commenced this supplementary proceeding to enforce a money judgment of the Justice Court of the Village of Scarsdale by serving a subpoena with restraining notice upon defendant, pursuant to the nail-and-mail provisions of CPLR 308 (4), at 51 Palmer Avenue in Scarsdale. The subpoena, with restraining notice, was issued from the Supreme Court, Westchester County, pursuant to CPLR 5221 (b), and directed defendant, *inter alia*, to appear for an examination as a judgment debtor at the office of plaintiff's attorney. Unknown to plaintiff, defendant had previously moved from the Scarsdale address to 420 East 64th Street, in New York County. Defendant failed to appear for the examination. Thereafter, by order to show cause, plaintiff made his first motion in the Supreme Court for an order adjudging defendant in civil contempt and punishing him for his failure to comply with the subpoena. The motion papers were sent, by certified mail, to the Scarsdale address.

In this supplementary proceeding, the Supreme Court, Westchester County, never acquired personal jurisdiction over the defendant to adjudge him in civil contempt and to impose punishment. The subpoena at issue was required to be served in the same manner as a summons (CPLR 2303). Here, the purported service of the subpoena, with restraining notice, pursuant to the nail-and-mail provisions of CPLR 308 (4), was ineffective for two reasons. First, the subpoena with restraining notice was affixed to the door of defendant's last known residence rather than his actual abode *(see, Feinstein v Bergner,* 48 NY2d 234). Second, the process server did not first attempt, with "due diligence", to effect personal service in accordance with the provision of CPLR 308 (1) or (2) before resorting to substituted service under CPLR 308 (4). The process server's affidavits merely recite three unsuccessful attempts at service on weekdays during normal working hours at the address of defendant's last known residence, and an inquiry made to a neighbor, who purportedly stated that defendant lived at that address *(see, Kaszovitz v Weiszman,* 110 AD2d 117; *Barnes v City of New York,* 70 AD2d 580, *affd* 51 NY2d 906; *Carfora v Pesiri,* 89 AD2d 237).

Since plaintiff failed to serve a subpoena in accordance with the mandates of CPLR 304 and never commenced a special proceeding in the Supreme Court to adjudge defendant in civil contempt in accordance with CPLR 403 (c), (d) *(see, Federal*

*Deposit Ins. Corp. v Richman,* 98 AD2d 790), the Supreme Court never acquired personal jurisdiction over the defendant. Accordingly, the proceeding must be dismissed. Mollen, P. J., Bracken, Niehoff and Rubin, JJ., concur.