■ State of New York Higher Education Services Corporation, Respondent, v Zachary A. Starr, Appellant.— Kane, J. P. Appeals (1) from an order of the Supreme Court at Special Term (Torraca, J.), entered September 20, 1984 in Albany County, which, *inter alia,* denied defendant's cross motion to dismiss the complaint for lack of personal jurisdiction, and (2) from an order of said court, entered March 13, 1985 in Albany County, which denied defendant's motion for reargument or renewal of his prior motion.

Defendant applied for student loans in 1966, 1967, 1968 and 1969 totaling $4,250 to enable him to pursue his education at Colgate University. These loans were made by the First National City Bank and guaranteed by plaintiff. From 1970 to May 1974, defendant effectively deferred payment of his loans by attending Brandeis University. Defendant thereafter defaulted and was informed that he was in default on his loans as of March 4, 1975. Numerous requests for payment were made and, although these requests generated correspondence from defendant, no payments were forthcoming.

On March 17, 1977, plaintiff purchased the loan from the lending institution. On June 1, 1977, defendant requested that the loan office mail all correspondence to him at his parents' address in Copiague, Suffolk County (Copiague address), until defendant sent notification of a new address. In August 1977, defendant received a "Final Notice to Delinquent Debtor".

In December 1977, plaintiff had a summons with notice affixed to the door of the Copiague address and a copy mailed to defendant at the same address. The process server had attempted to serve the summons at the following times: December 10, 1977 at 5:30 P.M., December 12, 1977 at 9:25 A.M. and December 13, 1977 at 10:20 A.M. He had, in addition, talked to a neighbor at the Copiague address to find out whether defendant was in military service and was informed

that, to the neighbor's best knowledge, defendant was not. The record also indicates that sometime after December 1977, plaintiff mailed another copy of the original summons to the Copiague address. By notice dated April 5, 1978, defendant appeared and requested that all notices and other papers be served upon him at the Copiague address. In his notice of appearance, defendant reserved the right to assert lack of personal jurisdiction. The complaint dated April 26, 1978 was served on defendant and defendant responded with an answer using the Copiague address.

In due course, plaintiff moved for summary judgment. Defendant opposed the motion and cross-moved for dismissal of the complaint or, in the alternative, for a change of venue. Special Term denied both the motion and cross motion. On September 18, 1984, defendant moved for reargument or renewal of his motion for dismissal. Special Term denied this motion. Defendant appeals from both orders.

Initially, we note that defendant's latter motion, entitled a motion to renew or reargue, was in fact a motion to reargue. Accordingly, since Special Term denied the motion, defendant's appeal from that order must be dismissed (see, Matter of Hooker v Town Bd., 60 AD2d 684, 685).

Turning to defendant's appeal from the order denying his motion to dismiss the complaint, defendant asserts that Special Term erroneously determined the existence of in personam jurisdiction. Specifically, defendant attacks the service on him on two grounds: (1) the process server did not exercise due diligence, and (2) the summons was not affixed to defendant's dwelling place or usual place of abode. A review of the record belies defendant's contentions and reveals that service was proper (see, Siegel, NY Prac § 74, at 79-80).

Finally, we note that Special Term did not err in denying defendant's motion for a change of venue. The order should, therefore, be affirmed.

Order entered September 20, 1984 affirmed, with costs.

Appeal from order entered March 13, 1985 dismissed, with costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.