## TD Bank, N.A. v Realty Guardian LLC

2025 NY Slip Op 31154(U)

April 7, 2025

Supreme Court, Kings County

Docket Number: Index No. 535078/2022

Judge: Anne J. Swern

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Trial Term, Part 75 of
the Supreme Court of the State of
New York, Kings County, at the
Courthouse located at 360 Adams
Street, Brooklyn, New York on
the 7th day of April 2025.

P R E S E N T:

HON. ANNE J. SWERN, J.S.C.

TD BANK, N.A.,

**AMENDED
DECISION & ORDER**

                                    Plaintiff(s),

                                                        Index No.:    535078/2022

        -against-

                                                        Motion Seq.:   1 and 2

THE REALTY GUARDIAN LLC AND SERL KAUFMAN,

                                    Defendant(s).

*Recitation of the following papers as required by CPLR 2219(a):*

                                                        **Papers
                                                        Numbered**

**MS#1** Defendant Kaufman's Notice of Motion to Dismiss,
        Affirmations and Affidavits in Support/Opposition/Reply
        and Exhibits (NYSCEF 6-17, 38-39)............................................ 1-4

**MS#2** Plaintiff's Notice of Motion for an order granting Summary
        Judgment, Affirmations and Affidavits in Support/Opposition/Reply
        and Exhibits (NYSCEF 18-37) .............................................. 5-8

Appearances on 2/6/2025:
Javier Lopez, Esq., Meyner & Landis, Attorneys for Plaintiff
Harrison Edwards, Esq., *of counsel* to Joshua Bronstein, Esq. Attorney for Defendant

        *Upon the foregoing papers, the oral arguments of counsel on 3/28/2024 and the traverse*

*hearing conducted on 2/6/2025, the decision of the Court is as follows:*

                            **Background**

        This is an action to recover the principal amount of $95,432.89 as of 10/15/2022, plus

interest, costs and attorneys' fees arising out of defendants' default under a commercial line of

credit. The complaint asserts three causes of action, *i.e.,* 1) breach of the line of credit

agreement, 2) enforce the commercial guaranty executed by defendant Kaufman, and 3) enforce the commercial security agreement. (*see* NYSCEF 1, 20-24). The complaint seeks to hold the defendants jointly and severally liable for any judgment (NYSCEF 1, pp.6-8).

## Procedural History

On 3/26/2023, defendants served an answer asserting the affirmative defense of lack of personal jurisdiction due to improper service or "no service at all" (NYSCEF 4, p.1). Thereafter, defendants served a motion to dismiss per CPLR § 3211 [a] [8] and/or CPLR §3212 for summary judgment dismissing plaintiff's complaint with prejudice because this Court has no jurisdiction of the person of the defendant Serl Kaufman" (NYSCEF 6). The motion does not seek a dismissal against The Realty Guardian LLC on any grounds. This motion was administratively reassigned, and then adjourned by the Court or the parties.

On 2/22/2024, plaintiff served a motion for summary judgment on all three causes of action against all defendants (NYSCEF 18). Neither defendant opposed the substantive merits of the motion. Kaufman only opposed the motion based on the defense of lack of jurisdiction. (NYSCEF 16).

After oral argument on 3/28/2024, the Court held in abeyance a decision on both motions pending the outcome of a traverse hearing (NYSCEF 38). An amended order was issued on 4/3/2024 referring this matter to a Special Referee in Part 82 to conduct the hearing. As of 12/2024, Part 82 did not conduct the hearing and, therefore, the matter was returned to Part 75.

## The Traverse Hearing

On 2/6/2025, the Court conducted the traverse hearing. The parties stipulated plaintiff's Exhibits "1" through "9" into evidence (Tr. pp.4-5). Plaintiff called the process server, Melissa

[* 2]

Bondi as a witness. The process server's place of business is Nassau County. Plaintiff presented the exhibits to the process server.

The witness identified her process server license (Ex. 1) and testified that she is licensed in all five boroughs 7.5 years. She is self-employed doing business under the name of Bloodhound Process, LLC and receives work orders from other companies through a linked system. The witness accesses the linked system and obtains the work order assigned to her. (Tr. 9-10). The work order/request for service in this action was received from Guaranty Subpoena (*id.*; and *see* Ex. 2). The witness has performed approximately 1500 and 2000 services in 2024, and her service of process was only challenged one other time. In that case, the service of process was upheld. (Tr. 10).

The work order includes all court information, the person to be served and instructions for service. The work order identified the defendant to be served as "Serl Kaufman at 41 Throop Avenue, Brooklyn, New York, Suite 7R, Brooklyn, New York 11206." The dates written on the bottom of the work order are the dates the witness attempted service. (Tr. 11).

The dates of attempted service are incorporated in Exhibit 3, the affidavit of service on Kaufman. Both Exhibits document the process server's attempts to serve defendant Kaufman, *to wit:* 12/30/2022 at 1:17 p.m., 1/3/2023 at 5:08 p.m., 1/3/2023 at 6:37 p.m., and 1/4/2023 at 8:19 p.m. On 1/4/2023, she then effectuated "nail and mail" service (Ex. 3). (Tr. 11-12). The information in the affidavit service is automatically generated through a computer program that is linked to her mobile phone's application. The program and mobile phone application populate the dates of service in the affidavit. The witness takes a picture of the property location on the date of service and this application also automatically populates the date and time of the photographs (Exhibits 4 through 7). (Tr. 13-14).

[*3]

The witness testified that the service location is an apartment within a multi-unit building. Her general protocol to gain access to an apartment door within a building and effectuate service is to ring the doorbell two to three times. If no answer, she will wait five to ten minutes for someone to come in or out of the building and then gain access and knock on the apartment door. This is her typical protocol but she does not have a specific recollection of this service and has no reason to believe that she deviated from this protocol. (Tr. 14-15).

Exhibit 4 is a picture of the first attempt (on 12/30/2022). At the top of the photo is the date and time of the service together with the GPS coordinates, and date and time on her mobile device when the picture was taken. This information is automatically generated through an independent server. The number "41" is the address of the building. It is her common practice to take photographs of the properties when making service. When a service is within a building, the witness takes a picture of the apartment building front door because she does not take the phone with her to the individual apartment to avoid it being stolen. Exhibits 5 was created in the same fashion as Exhibit 4. The address of the building is visible in Exhibits 4 and 5. (Tr. 15-17).

Exhibit 6 is a picture that was created in the same fashion as Exhibits 4 and 5. The red lettering at the top is created through Independent Server and contains the GPS information. This picture is dated 1/3/2023 (the second service attempt). Exhibit 7 is a picture that was taken on 1/4/2023 using the same computer program and mobile application. (Tr. 17-19).

On 1/4/2023, the witness posted the documents to the apartment door not the front of the building. She uses masking tape to affix the pleadings to the door. Once the pleadings are posted, she completes a mailing to the address where she posted the documents. She usually completes the mailing that same day or the next day. It depends on her schedule. (Tr. 19-20).

[* 4]

Exhibit 8 is the United States Post Office receipt for the mailing of the pleadings. The pleadings were mailed to Serl Kaufman at the Throop Avenue address. This is the same address where she attempted service and posted the pleadings. The receipt is dated 1/5/2023, the day after the posting. (Tr. 20-21).

The witness identified the service logs consisting of three pages as Exhibit 9. The metadata from the photographs populates the service logs through the same Independent Server and mobile application. The 12/30/2022 and 1/3/2023 service attempts are not reflected in the log. The witness does not know why these two attempts were not incorporated in the service logs through the server, but the photographs document that she attempted service. It is her testimony that she attempted personal service on defendant on all three dates. After the witness could not effectuate personal service, she affixed the pleadings to the apartment door and mailed the documents to defendant at the 41 Throop Avenue, Suite 7R address. (Tr. 21-23).

On cross-examination, the witness testified that she does not specifically remember affixing the papers to the apartment door, but that is her practice. Based on the photographs, 41 Throop Avenue is a multi-unit apartment building. It is routine for her to gain entry to the building and then make service at the individual apartment. She does not post documents on the apartment building door, only the individual apartment door. If the witness could not gain access to the building and then to the individual apartment, she would not effectuate service through nail and mail. The process server does not have photographs of the documents affixed to the door because, again, she leaves the phone in the car for her safety. The only photographs are of the outside of 41 Throop Avenue. The work order is completed by the witness concerning every attempted service (Ex. 2). The entity referring the work order puts all information into the

system. The witness receives the work order and documents to be served. No other information is provided. (Tr. 24-30).

The process server did not remember speaking to anyone else at the property or perform an independent investigation to find additional addresses or places of employment for defendant to effectuate service.

Plaintiff argued that it has established its *prima facie* burden that proper service was effectuated (Tr. 31-32). Defendant argued that to effectuate substitute service, the presumption has been rebutted by the ordering of the traverse hearing. The process server must exercise due diligence to personally serve at school, home or place of business. There is no evidence how the process server gained access to the building, that she was at the door [of suite 7R] or she conducted an independent investigation concerning whether 41 Throop Avenue was Kaufman's home or place of employment. The testimony was based on her usual custom and practice. Without additional investigation, there were no grounds to move onto to substituted service. (Tr. 32-34). In rebuttal, plaintiff argued that there is no dispute that defendant lives at 41 Throop Avenue, Suite 7R. There was no testimony that he did not live or work there nor was this asserted in his affidavit (Tr. 34-35).

### The Motions

Defendant Kaufman's motion to dismiss for lack of personal jurisdiction pursuant to CPLR § 3211 [a] [8] is denied.

Kaufman signed a commercial guaranty listing his address as 41 Throop Avenue, Suite 7R, Brooklyn, New York 11206 (NYSCEF 22). Therefore, the Court finds as a matter of law that the process server's testimony establishes that 41 Throop Avenue address was Kaufman's residence (CPLR § 308 [2]). The Court also finds the process server's testimony credible, and

[* 6]

that "nail and mail" service was properly effectuated at 41 Throop Avenue, Suite 7R, Brooklyn, New York 11206. Defendant's cross-examination did not impeach this testimony.

The Court erred on the side of caution and ordered a traverse hearing because it was questionable whether Kaufman's affidavit rebutted the presumption of service in the affidavit of service. Defendant's vague affidavit did not deny that the address within the personal guaranty was his residence (NYSCEF 22). In fact, Kaufman implicitly admitted in the affidavit that he resided at 41 Throop Avenue, Suite 7R by stating that 1) "either my wife or I are always home" and "nobody came to my door" on the dates and times in question and 2) the process server did not ask his "neighbors" of his whereabouts (NYSCEF 8, ¶¶4, 5, 7). Therefore, based on the totality of the affidavit and evidence adduced at the hearing, the Court further finds that 41 Throop Avenue, Suite 7R is defendant's residence, and 2) defendant apparently evaded service.

The process server established by a preponderance of the evidence that she attempted service on three occasions before posting and mailing the summons and complaint at 41 Throop Avenue, Suite 7R, Brooklyn, New York. The documentary evidence complies with the GPS and record keeping requirements for service of process (*see* Title 6 of the Rules of the City of New York, *i.e.,* 6 RCNY §§ 2-233 and 2-233-b, and Title 20 of the New York City Administrative Code, Chapter 2, Subchapter 23, § 20-410). Defendant's argument that the witness did not take a picture of the posted pleadings is without merit because Title 6 does not require a process server take such picture for record keeping purposes. The process server exercised due diligence by attempting service on three separate dates and different times of the day when defendant or a person of suitable age and discretion could reasonably be expected to be present at such location

before, during or after regular working hours (*See Barnes v New York,* 70 AD2d 580, 580 [2d Dept. 1979], *affirmed* 51 NY2d 906 [1980]).

Plaintiff's motion for summary judgment is granted as to both defendants. Defendants failed to address the merits of plaintiff's motion for summary judgment in the event the motion to dismiss was denied. Additionally, defendant did not move to dismiss the complaint as against The Realty Guardian LLC. Therefore, plaintiff's motion for summary judgment is granted without opposition on the merits.

Accordingly, it is hereby

ORDERED that defendant KAUFMAN's motion to dismiss based on lack of personal jurisdiction is denied (MS #1), and it is further

ORDERED that plaintiff's motion for summary judgment against THE REALTY GUARDIAN LLC and SERL KAUFMAN, jointly and severally is granted (MS #2), and it is further

ORDERED that this Order supersedes this Court's Order dated 4/1/2025, and it is further

ORDERED that plaintiff shall submit a proposed judgment to the Court.

This constitutes the decision and order of the Court.

E N T E R:

_____
Hon. Anne J. Swern, J.S.C.
Dated: 4/7/2025

For Clerks use only:

MG _____

MD _____

Motion seq. # _____

535078/2022
Page 8 of 8

[*8]