■ LEYINSKA ORTIZ, Respondent, v BOOTH MEMORIAL MEDICAL CENTER et al., Defendants, and GUMPENI RAMMOHAN, Appellant. — In a medical malpractice action, defendant Gumpeni Rammohan appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated May 18, 1982, as granted that branch of plaintiff's motion which sought to strike the affirmative defenses of lack of personal jurisdiction and the Statute of Limitations from his answer. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and that branch of plaintiff's motion which sought to strike the affirmative defenses of lack of personal jurisdiction and the Statute of Limitations from appellant's answer is denied. The acts of purported medical malpractice upon which this action is based occurred between December 25, 1975, and March 13, 1976. The several defendants were all allegedly served with process in May, 1978. The answer of the appellant, Gumpeni Rammohan, contains various affirmative defenses, including lack of personal jurisdiction and the Statute of Limitations. By notice of motion dated

March 29, 1982, plaintiff moved, *inter alia,* for an order striking those affirmative defenses. Special Term granted that branch of plaintiff's motion on the ground that laches would prevent appellant from litigating "if service of process was effected", since there had been a four-year delay since the answer was served and that delay "may not operate to the detriment of the plaintiff". A defendant may raise an objection to suit based on a lack of personal jurisdiction either by a timely motion to dismiss or by placing the objection in his answer as an affirmative defense (CPLR 3211, subd [c]; 320, subd [b]). If he chooses the latter course, as appellant Rammohan did in this case, such defendant has, in effect, indicated his intention to put off resolution of the matter until trial, or until such time as he may move for summary judgment on the objection to personal jurisdiction (*Rich v Lefkovits,* 56 NY2d 276, 282; *Colbert v International Security Bur.,* 79 AD2d 448, 463). "This causes no prejudice to the plaintiff because he can, if he wishes, immediately move to strike the defense under CPLR 3211 (subd [b]) and obtain an expeditious determination of the jurisdictional issue" (*Colbert v International Security Bur., supra,* pp 463-464). Thus, it cannot be said that appellant was the cause of any delay in bringing the jurisdictional issue to resolution, or that plaintiff has thereby been prejudiced. Her present plight, that of facing the possibility of losing at a traverse hearing with the Statute of Limitations having now run, thereby preventing a new action, is a result of her own inaction, and, therefore, the doctrine of laches has no application. The stipulation by one of appellant's codefendants that he would not "contest the service of process" may not, of course, be relied on by plaintiff as against appellant. Nor may it be said that appellant waived the jurisdictional defense by participating in discovery. A "lack of such jurisdiction can be asserted even after a defense on the merits had been presented" (*Gager v White,* 53 NY2d 475, 487), so, a fortiori, preparation for a defense on the merits cannot constitute a waiver of a jurisdictional objection properly interposed in the answer (cf. *Biener v Hystron Fibers,* 78 AD2d 162). Titone, J. P., Gibbons, Niehoff and Boyers, JJ., concur.