■ ALLISON ROSEN, Appellant, v MARK WEINGER et al., Defendants, and GERALD ZUPNICK, Respondent.—In a medical malpractice action, plaintiff appeals from an order of the Supreme Court, Nassau County (Berman, J.), entered August 3, 1984, which granted defendant Zupnick's motion to dismiss the complaint insofar as it is asserted against him on the ground that jurisdiction had not been obtained, and denied plaintiff's cross motion to strike defendant Zupnick's affirmative defense of lack of jurisdiction, or, alternatively, for a traverse hearing.

Order affirmed, with costs.

A plaintiff is entitled to use the so-called "nail and mail" provisions of CPLR 308 (4) only if personal service cannot be effected under subdivisions (1) and (2) thereof by the use of "due diligence". Due diligence was not established here where the process server, in an affidavit in opposition to appellant's motion and in support of the cross motion, stated only that he was unable to serve defendant Zupnick "in hand" at his place of business on three occasions, but did not explain why he was unable to leave the summons and complaint with a person of suitable age and discretion on any of those occasions, or why he never attempted to serve Zupnick at his home. Under these circumstances, we conclude that Special Term properly determined that due diligence had not been established, and that jurisdiction over Zupnick had not been obtained (see, e.g., *Barnes v City of New York,* 70 AD2d 580, *affd* 51 NY2d 906; *Reed v Domenech,* 90 AD2d 844). Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.