■ ANDRIENNE A. CLAERBAUT, as Administratrix of the Estate of GEORGIA M. CONAWAY, Deceased, Appellant, v EAST LONG ISLAND HOSPITAL, Defendant, and BARRY H. HELLMAN, Respondent.—In a medical malpractice action, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 25, 1984, which, after a hearing, granted the defendant Hellman's motion to dismiss the complaint, insofar as it is asserted against him, and (2) a judgment of the same court, entered November 29, 1984, thereon.

Appeal from the order dated October 25, 1984 dismissed (see, *Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Judgment affirmed.

The defendant Hellman is awarded one bill of costs.

The defendant Hellman moved to dismiss the complaint insofar as it is asserted against him on the ground, *inter alia,* of lack of personal jurisdiction over him (see, CPLR 3211 [a] [8]). The facts upon which our determination is based are not in dispute. A process server attempted to serve a summons and complaint on the plaintiff's behalf upon the defendant Hellman at his office on Friday, November 26, 1976, the day after Thanksgiving. The affidavit of service reveals three attempts on that date before the process server resorted to substituted personal service at noon (see, CPLR 308 [4] [i.e., the so-called nail and mail provision]).

"Before a process server may avail himself of the form of service that was utilized in this case, he must exercise due diligence to effect personal service pursuant to CPLR 308 (subd 1 or 2) (see CPLR 308, subd 4; *Jones v King,* 24 AD2d 430)" *(Barnes v City of New York,* 70 AD2d 580, *affd* 51 NY2d 906). Three attempts to effect service on a closed professional office during the morning hours on the day after Thanksgiving do not constitute due diligence, particularly since the process server was in possession of the defendant Hellman's home address. The quality of the efforts made to effect personal service in this case was perfunctory rather than diligent, and

Special Term properly dismissed the complaint insofar as it is asserted against the defendant Hellman.

The plaintiff's claim of laches is without merit. As we have previously held, a defendant may raise an objection to suit based on lack of personal jurisdiction either by making a timely motion to dismiss or by placing the objection in his answer as an affirmative defense (see, Ortiz v Booth Mem. Med. Center, 94 AD2d 698, 699; CPLR 3211 [a] [8]; 320 [b]). Raising the defense in an answer indicates a defendant's "intention to put off resolution of the matter until trial, or until such time as he may move for summary judgment on the objection to personal jurisdiction" (Ortiz v Booth Mem. Med. Center, supra, at p 699). Prejudice does not accrue from placement of the defense in the answer, for the plaintiff can immediately move to strike the defense under CPLR 3211 (b). The plaintiff's present plight, that of having lost "at a traverse hearing with the Statute of Limitations having now run, thereby preventing a new action, is a result of her own inaction, and, therefore, the doctrine of laches has no application" (Ortiz v Booth Mem. Med. Center, supra, at p 699).

We have considered plaintiff's remaining contention and find it to be without merit (cf. Jones v King, 24 AD2d 430, supra). Gibbons, J. P., Brown, Lawrence and Kooper, JJ., concur.