■ ROBERT BLEIER et al., Appellants, v MESCHULIM HESCHEL et al., Respondents, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., sustained in an automobile accident, the plaintiffs appeal from so much of a judgment of the Supreme Court, Kings County (Morton, J.), dated October 11, 1985, as dismissed the complaint as against the defendants Meschulim Heschel and Syshe M. Heschel.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Initially, we note that the plaintiffs sued Meschulim Heschel and Syshe M. Heschel as defendants, when, in fact, Meschulim Heschel and Syshe M. Heschel are the same person.

Robert Bleier, one of the plaintiffs in this action, was a passenger in a car that collided with a car driven by Meschulim Heschel in September 1981. In his answer, Heschel raised the affirmative defense of lack of personal jurisdiction, and a hearing was held in September 1985, prior to the commencement of the trial. According to the process server's affidavit of service, he attempted personal service on Heschel on Tuesday, May 11, 1982, at 2:15 P.M., on Saturday, May 15, 1982, at 5:20 P.M., and on Tuesday, May 18, 1982, at 12:10 P.M. On May 18, 1982, the process server affixed a copy of the summons and complaint to the door of Heschel's residence. He spoke to a neighbor who indicated that Heschel was not in the military service. On May 24, 1982, the process server mailed a copy of the papers to Heschel's residence.

The court ruled that the process server failed to comply with the requirement that service pursuant to CPLR 308 (4) be employed only if service under CPLR 308 (1) or (2) cannot, with due diligence, be effectuated. We agree. The due diligence

requirement of CPLR 308 (4) should be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received (see, Kaszovitz v Weiszman, 110 AD2d 117, 120). Here, two of the attempts at service were made in the early afternoon on weekdays when working individuals cannot reasonably be expected to be home. The affidavit does not indicate that the process server attempted to telephone Heschel or to inquire of a neighbor where Heschel worked. Only the service attempted on Saturday had any likelihood of success and that alone is insufficient to show due diligence. Since the plaintiffs failed to comply with the due diligence requirement of CPLR 308 (4), the court did not acquire personal jurisdiction over Heschel and the complaint was properly dismissed as against him under the two names by which he was sued, i.e., Meschulim Heschel and Syshe M. Heschel (see, Kaszovitz v Weiszman, supra; PacAmOr Bearings v Foley, 92 AD2d 959).

We find nothing improper in Heschel's decision to raise the defense of lack of personal jurisdiction in his answer, thus choosing to delay resolution of the issue until trial. The plaintiffs had the option to move to strike the defense, and by failing to do so, risked obtaining an unfavorable ruling on the issue after the Statute of Limitations had expired (see, Claerbaut v East Long Is. Hosp., 117 AD2d 772).

Finally, we find no error in the court's decision to exclude from evidence a letter from Heschel to his attorney concerning a waiver of the invalid service, since this was clearly a confidential communication for purposes of obtaining legal services (see, People v Mitchell, 58 NY2d 368, 373). Mangano, J. P., Brown, Niehoff and Eiber, JJ., concur.