■ JEFFREY E. BERIS, Respondent, v MICHAEL A. MILLER, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Berkowitz, J.), dated May 21, 1986, which denied his motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is reversed, on the law and the facts, with costs, the motion is granted, and the complaint is dismissed.

Due to the process server's contradictory testimony at the

hearing, the plaintiff failed to sustain his burden of proving that service of process was made upon the defendant pursuant to CPLR 308 (2) *(see, Anton v Amato,* 101 AD2d 819; *De Zego v Donald E. Bruhn, P. C.,* 99 AD2d 823, *affd* 67 NY2d 875). Contrary to Trial Term's finding, however, we find that defendant did not waive the defense of lack of personal jurisdiction, which was asserted in his answer. A lack of such jurisdiction can be asserted although a defense on the merits has also been presented *(Gager v White,* 53 NY2d 475, 487; *see also, Ortiz v Booth Mem. Med. Center,* 94 AD2d 698, 699). Thus, it cannot be said that the defendant's participation in discovery or moving to strike plaintiff's note of issue for failure to comply with a discovery demand constituted a waiver of lack of personal jurisdiction *(see, Ortiz v Booth Mem. Med. Center, supra; Calloway v National Servs. Indus.,* 93 AD2d 734). Nor may it be said that the defendant's commencement of a related action constituted a waiver of the defense. Lawrence, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.