■ IRWIN STELTZER, Respondent, v MATTHEW EASON, Appellant, et al., Defendants.—In an action for the partition of real property and an accounting, the defendant Matthew Eason appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated October 3, 1986, which, after a hearing, denied his motion to dismiss the complaint insofar as it is asserted against him for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the plaintiff's action against the remaining defendants is severed.

The plaintiff's process server made three attempts to serve the defendant Eason at his apartment on various days and at various times. Two of the three efforts were during normal working hours. When the process server was unable to effectuate service, he testified that he affixed a copy of the summons to the door of the defendant's apartment and mailed another copy to the same address pursuant to CPLR 308 (4).

However, this "nail and mail" service, pursuant to CPLR 308 (4), may only be used where service under CPLR 308 (1) and (2) cannot be made with "due diligence". The uncontradicted testimony adduced at the hearing indicates that the process server made no attempt to ascertain the place of Eason's employment and to attempt to effect service thereat pursuant to the provisions of CPLR 308 (1) and (2). Indeed, the record at the hearing indicates that the plaintiff knew of Eason's place of business. Under these circumstances, the attempted service of the summons and complaint herein pursuant to CPLR 308 (4) was defective as a matter of law *(see, Reed v Domenech,* 90 AD2d 844; *Rossetti v DeLaGarza,* 117 AD2d 793; *Rosen v Weinger,* 116 AD2d 636). Finally, on cross-examination, the process server admitted that he placed the

process on the door of Eason's apartment by rolling the process up and wedging it between the door knob and the frame of the door. It has been held that this type of service, without the use of tape or other device "which will ensure a genuine adherence" is not an "affixation" within the meaning of CPLR 308 (4) (*PacAmOr Bearings v Foley,* 92 AD2d 959, 960).

Accordingly, the complaint is dismissed insofar as it is asserted against the defendant Eason for lack of personal jurisdiction. Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.