■ TRUDY SCHWARTZMAN, Appellant, v JOE MUSSO, Respondent. [607 NYS2d 953] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated December 3, 1991, which granted the defendant's motion for summary

judgment dismissing the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The Supreme Court properly concluded that the plaintiff failed to exercise due diligence before resorting to "nail and mail" service *(see,* CPLR 308 [4]). Three attempts were made to deliver the summons and complaint to the defendant at an apartment building owned by him, which was neither his residence nor his place of business. No attempt at service was made at the defendant's residence, which was listed in the telephone directory *(see, Lukash v O'Connell,* 138 AD2d 957). Even assuming that the apartment building in question could be considered the defendant's place of business, no attempt was made to serve a person of suitable age and discretion at that location *(see,* CPLR 308 [2]). Because due diligence was not exercised in attempting to serve the defendant according to CPLR 308 (1) or (2), resorting to "nail and mail" service pursuant to CPLR 308 (4) was improper *(see, Pizzolo v Monaco,* 186 AD2d 727). Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.