■ LOUISE SCOTT, Respondent, v ARTHUR L. KNOBLOCK et al., Defendants, and DAVID SELBY, Appellant. [611 NYS2d 265] — In an action to recover damages for personal injuries, the

defendant David Selby appeals from an order of the Supreme Court, Queens County (Price, J.), dated May 27, 1992, which, *inter alia,* granted the plaintiff's motion to vacate an order of the same court dated February 18, 1992, which, upon the plaintiff's default in answering, granted the appellant's motion to dismiss the complaint insofar as it is asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion to vacate the order dated February 18, 1992, is denied, the order dated February 18, 1992, is reinstated, and the complaint, as asserted against the appellant, is dismissed.

The due diligence requirement of CPLR 308 (4) should be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received *(see, Kaszovitz v Weiszman,* 110 AD2d 117, 120). Here, two of the plaintiff's attempts at service upon the appellant were made in the afternoon on weekdays, when working individuals cannot reasonably be expected to be home. The third attempt was on the Saturday of Labor Day weekend. Those attempts were insufficient to show due diligence *(see, Bleier v Heschel,* 128 AD2d 662). Since the plaintiff failed to comply with the due diligence requirement of CPLR 308 (4), the court did not acquire personal jurisdiction over the appellant and the complaint should be dismissed insofar as it is asserted against him. Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.