■ TED SCHAEVITZ et al., Respondents, v AYLIN RADOMISLI, Appellant. [616 NYS2d 1005] —In an action for specific performance of a contract for the sale of real property, the defendant appeals (1) from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated August 4, 1992, as, after a hearing, denied her motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint based on lack of personal jurisdiction, (2) from an order of the same court dated December 24, 1992 (Tanenbaum, J.) which granted the plaintiffs' motion for summary judgment and (3) from a judgment, of the same court (Tanenbaum, J.) dated February 23, 1993, which is in favor of the plaintiffs and against her.

Ordered that the appeals from the orders dated August 4, 1992, and December 24, 1992, are dismissed; and it is further,

Ordered that the judgment dated February 23, 1993 is reversed, on the law and the facts, and the orders are vacated; and it is further,

Ordered that the defendant's motion to dismiss the complaint is granted, and the matter is remitted to the Supreme Court, Suffolk County for the entry of an appropriate judgment; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The Supreme Court erred in finding that the plaintiffs satisfied the "due diligence" requirement of CPLR 308 (4) and in sustaining the nail and mail service upon the defendant (see, Serrano v Pape, 188 AD2d 647; Bleier v Heschel, 128 AD2d 662; Kaszovitz v Weiszman, 110 AD2d 117). Thompson, J. P., Sullivan, Altman and Goldstein, JJ., concur.