■ WILLIAM MCNEELY, Appellant, v STEPHEN HARRISON, Respondent. [617 NYS2d 879] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated February 19, 1993, which, after a hearing, granted the defendant's motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The record supports the Supreme Court's finding that the plaintiff failed to exercise due diligence before resorting to "nail and mail" service (see, CPLR 308 [4]). The due diligence requirement of CPLR 308 (4) should be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received (see, Scott v Knoblock, 204 AD2d 299; Kaszovitz v Weiszman, 110 AD2d 117).

Although it was uncontroverted that the defendant had given the plaintiff his business card with his office address and telephone number on the date of the accident, and that the plaintiff spoke to the defendant by telephone at his place of business, the process server admittedly never attempted to make service at the defendant's place of business (see, Steltzer v Eason, 131 AD2d 833; Pizzolo v Monaco, 186 AD2d 727). Since due diligence was not exercised in attempting to serve the defendant pursuant to CPLR 308 (1) or (2), resorting to CPLR 308 (4) was improper (see, Schwartzman v Musso, 201 AD2d 551).

The plaintiff's argument that the defendant should be estopped from contesting the issue of service because he did not make his motion to dismiss the complaint until after the note of issue had been filed is without merit. Since the defendant had asserted an affirmative defense of lack of personal jurisdiction in his answer, he could elect to delay resolution of the issue until trial (see, Bleier v Heschel, 128 AD2d 662; also see, Beris v Miller, 128 AD2d 822). The plaintiff had the option to move to strike the defense at any time and, by failing to do so, ran the risk of an unfavorable ruling on the issue after the Statute of Limitations had expired (see, Bleier v Heschel, supra; Claerbaut v East Long Is. Hosp., 117 AD2d 772; Ortiz v Booth Mem. Med. Ctr., 94 AD2d 698). Mangano, P. J., Thompson, Sullivan and Miller, JJ., concur.