■ ELAINE WALKER et al., Respondents, v MARVERA MANNING, Appellant, et al., Defendant. [619 NYS2d 137] —In an action to recover damages for personal injuries, the defendant Marvera Manning appeals from an order of the Supreme Court, Queens County (Lane, J.), dated March 29, 1993, which, after a hearing, denied her motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as it is asserted against her for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendant Marvera Manning, and the plaintiffs' action against the remaining defendant is severed.

The plaintiffs' process server made three attempts to serve the defendant Marvera Manning at her home on various days

and various times. One attempt was during working hours and one was during the Memorial Day weekend. When these efforts proved unsuccessful, he utilized "nail and mail" service pursuant to CPLR 308 (4). However, it is well settled that nail and mail service pursuant to CPLR 308 (4) may only be used where service under CPLR 308 (1) and (2) cannot be made with "due diligence". The due diligence requirement of CPLR 308 (4) should be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received (see, *McNeely v Harrison*, 208 AD2d 909; *Scott v Knoblock*, 204 AD2d 299; *Kaszovitz v Weiszman*, 110 AD2d 117). The uncontradicted testimony at the hearing indicates that the process server made no attempt to ascertain Manning's working habits. Under these circumstances, the attempted service of the summons and complaint herein pursuant to CPLR 308 (4) was defective as a matter of law (see, *Fattarusso v Levco Am. Improvement Corp.*, 144 AD2d 626; *Steltzer v Eason*, 131 AD2d 833; *McNeely v Harrison*, 208 AD2d 909, *supra; Scott v Knoblock*, 204 AD2d 299, *supra; Kaszovitz v Weiszman, supra; Pizzolo v Monaco*, 186 AD2d 727; *cf., Brown v Teicher*, 188 AD2d 256). Finally, the process server admitted that he rolled up the summons and complaint and left them in the handle of the storm door. It has been held that this type of service, without the use of tape or other device "which will ensure a genuine adherence" is not an "affixation" within the meaning of CPLR 308 (4) (*PacAmOr Bearings v Foley*, 92 AD2d 959, 960; *Steltzer v Eason, supra*). Sullivan, J. P., Balletta, Joy and Altman, JJ., concur.