■ John T. Moran et al., Respondents, v Raymond J. Harting, Appellant. [622 NYS2d 121] —In an action to recover damages for negligence, breach of contract, and fraud, the defendant appeals from (1) stated portions of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated August 8, 1994, which, *inter alia,* denied that branch of his motion which was to dismiss the complaint for the plaintiffs' failure to properly serve the complaint, based on the plaintiffs' failure to use "due diligence" pursuant to CPLR 308 (4), and directed a hearing on "the issues of * * * the mode of affixation of the process server * * * whether there was a mailing within twenty days of affixation and * * * whether said mailing was proper", and directing "that Plaintiffs be accorded an additional one hundred twenty (120) days to effect service if it is determined at said hearing that service was defective under CPLR 308 (4)", and (2) an order of the same court, also dated August 8, 1994, which denied his motion, denominated as one to renew or reargue, but which was, in effect, for reargument.

Ordered that the appeal from the order dated August 8, 1994, which denied the defendant's motion for reargument, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal from so much of the order dated August 8, 1994, as directed a hearing, and leave to appeal is granted; and it is further,

Ordered that the order dated August 8, 1994, which, *inter alia,* denied the defendant's motion to dismiss the complaint, is reversed insofar as appealed from, on the law, and that branch of the defendant's motion which was to dismiss the complaint for the plaintiffs' failure to properly serve the complaint, based on the plaintiffs' failure to use "due diligence" pursuant to CPLR 308 (4), is granted; and it is further,

Ordered that the appellant is awarded one bill of costs.

In his affidavit of service, the plaintiffs' process server averred that he made four attempts to personally serve the defendant at his home in Bedford, New York, on various days and at various times during the first week of September 1993. Two of these attempts were made on the Saturday of Labor Day weekend and one was during working hours the day after Labor Day. When these efforts proved unsuccessful, he utilized

nail and mail service pursuant to CPLR 308 (4). However, it is well settled that nail and mail service pursuant to CPLR 308 (4) may only be used where service under CPLR 308 (1) and (2) cannot be made with "due diligence". The due diligence requirement of CPLR 308 (4) should be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received (see, *Walker v Manning,* 209 AD2d 691; *McNeely v Harrison,* 208 AD2d 909; *Scott v Knoblock,* 204 AD2d 299; *Kaszovitz v Weiszman,* 110 AD2d 117).

The affidavit of the plaintiffs' process server, and the papers submitted in opposition to the defendant's motion, indicate that the process server made no attempt to ascertain the defendant's business address in Bedford and to effectuate personal service at that location, pursuant to the provisions of CPLR 308 (1) and (2). Under these circumstances, the attempted service of the summons and complaint pursuant to CPLR 308 (4) was defective as a matter of law (see, *Fattarusso v Levco Am. Improvement Corp.,* 144 AD2d 626; *Steltzer v Eason,* 131 AD2d 833; *McNeely v Harrison, supra; Scott v Knoblock, supra; Kaszovitz v Weiszman, supra; Pizzolo v Monaco,* 186 AD2d 727; *cf., Brown v Teicher,* 188 AD2d 256). We note that the action was timely commenced by filing the summons and complaint with the Westchester County Clerk (see, CPLR 304). Therefore, despite the dismissal of the complaint on the ground of lack of personal jurisdiction, we agree with the Supreme Court that the plaintiffs may, if they be so advised, avail themselves of the provisions of CPLR 306-b (b). In light of our determination, we reach no other issues. Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.