■ CHAIM GUREVITCH, Respondent, v MARVIN E. GOODMAN et al., Defendants, and ADOLPH SEINFELD, Appellant. [702 NYS2d 634] —In an action to recover damages for personal injuries, the defendant Adolph Seinfeld appeals from an order of the Supreme Court, Kings County (Belen, J.), dated July 1, 1998, which denied his motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against Adolph Seinfeld, with leave to the plaintiff to re-serve the appellant within 120 days of the date of this decision and order.

The affidavit of the plaintiff's process server showed that he made only three attempts to personally serve the appellant at his home. Those attempts were made on February 14, 1998, at 3:39 P.M., February 17, 1998, at 7:22 A.M., and February 18, 1998, at 8:34 P.M. When those efforts proved unsuccessful, the process server utilized "nail and mail" service pursuant to CPLR 308 (4).

It is well settled that service pursuant to CPLR 308 (4) may only be used in those instances where service under CPLR 308 (1) and (2) cannot be made with "due diligence". The due diligence requirement of CPLR 308 (4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received (*see, Moran v Harting,* 212 AD2d 517; *Walker v Manning,* 209 AD2d 691; *McNeely v Harrison,* 208 AD2d 909; *Scott v Knoblock,* 204 AD2d 299). The affidavit

of the plaintiff's process server, together with the papers submitted in opposition to the appellant's motion, failed to demonstrate that the process server attempted to ascertain the appellant's business address and to effectuate personal service at that location, pursuant to the provisions of CPLR 308 (1) and (2). Under these circumstances, the attempted service of the summons and complaint pursuant to CPLR 308 (4) was defective as a matter of law (see, Moran v Harting, supra; Fattarusso v Levco Am. Improvement Corp., 144 AD2d 626; Steltzer v Eason, 131 AD2d 833; McNeely v Harrison, supra; Scott v Knoblock, supra).

We note that the action was timely commenced by filing the summons and complaint in the office of the Clerk of Kings County. Therefore, despite the dismissal of the complaint insofar as asserted against the appellant on the ground of lack of personal jurisdiction, the plaintiff should be permitted, if he be so advised, to re-serve the appellant within 120 days of the date of this decision and order (see, CPLR 306-b). In light of this determination, we reach no other issues (see, Moran v Harting, supra). Bracken, J. P., Santucci, Thompson and S. Miller, JJ., concur.