OPINION OF THE COURT
Bernice D. Siegal, J.
Even in the most pro forma and mundane motion practice, both the bar and the bench must be vigilant in adhering to the fundamental rules of fairness as proffered by New York’s Civil Practice Law and Rules. The bench has a duty to ensure that service of process is made pursuant to those rules, particularly upon the default of a pro se party. In the instant matter, plaintiff, a Queens County resident, moved to direct the entry of a default judgment in an action to collect a New Jersey judgment against a New Jersey resident based upon the defendant’s failure to appear or answer in the instant action. Defendant *252 also failed to appear or answer on the date the motion was noticed to be heard. Consequently, the motion was marked “default” and submitted to the court. Upon the foregoing papers, plaintiffs motion to direct entry of a default judgment is denied and the action is dismissed on the court’s own motion.
Findings of Fact and Conclusions of Law:
The within action was purportedly commenced by conspicuous service of a summons and verified complaint upon defendant at his last known residence. The affidavit of the process server notes that three attempts were made to personally serve the defendant at the address. Upon failure to personally serve defendant or upon a person of suitable age and discretion, the summons and complaint was affixed to the door of the defendant’s “dwelling place or usual place of abode” and within the statutory time frame, a true copy of the summons and complaint was mailed to the last known residence. Defendant defaulted and plaintiff sought to move this court to enter a default judgment upon notice by regular mail to defendant at the “last known residence.” It should be noted that neither the affidavit of the process server nor the affidavit of service for the motion indicated a zip code for the last known residence.
I. Mailed to Nowhere
What initially caught the eye of the court was the omission of a zip code for defendant’s last known residence. The United States Postal Service requires that the address of the intended recipient be visible, legible and complete and contain the zip code. (See New York City Hous. Auth. v Fountain, 172 Misc 2d 784, 786, citing Domestic Mail Manual 47 [Apr. 10, 1994].) Service to an incomplete or an incorrect address deprives the court of personal jurisdiction. (Foster v Cranin, 180 AD2d 712.) In Foster, service was made upon a person of suitable age and discretion and purportedly mailed to the office of defendant, but was mailed to an incorrect and incomplete address. In affirming the lower court’s dismissal of the complaint, the Appellate Division stated “CPLR 308 (2) is to be strictly construed (Macchia v Russo, 67 NY2d 592).” (Id. at 713.) In the instant matter, where conspicuous service is alleged, adherence to the strict letter of the law is even more important. Every document submitted to the court is devoid of a zip code for the defendant’s address. Consequently, on this basis alone, the motion is denied and the case dismissed.
II. Less than Diligent Service of Process
Even if the court could construe that the mailing of the process was within the letter of the law, plaintiff failed to exercise *253 due diligence resorting to New York’s “nail and mail” or service of last resort. It is well settled that conspicuous service pursuant to CPLR 308 (4) may only be resorted to upon a showing that either personal service (CPLR 308 [1]) or substitute service (CPLR 308 [2]) cannot be made with “due diligence.” “The due diligence requirement of CPLR 308 (4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received” (Gurevitch v Goodman, 269 AD2d 355, 355 [citations omitted]).
The affidavit of plaintiffs process server failed to demonstrate that the process server attempted to ascertain defendant’s business address (other than to purportedly ask a neighbor) and therefore due diligence has not been properly exercised. (See Gurevitch v Goodman, supra.) Requiring the process server to be diligent in ascertaining where the defendant works is even more compelling in the instant action as one of the legs of plaintiffs cause of action is that defendant is employed in New York City. Significantly, paragraph 9 of the verified complaint avers that “the defendant is employed in New York, and the defendant has property in New York * * * .” It is clear upon plaintiffs papers that plaintiff was aware of defendant’s employment in New York and had an obligation to discover where defendant was employed and attempt service at this place of employment. (See McNeely v Harrison, 208 AD2d 909.)
Only if plaintiff failed in its quest to locate the place of employment can we say that the bar of due diligence had been reached. But plaintiff cannot be heard to say that locating defendant’s place of employment was not possible, for to do so would be to contradict statements contained in its attorney’s affirmation. In plaintiffs argument that the court has jurisdiction over the defendant in spite of the defendant’s residence being outside of New York, plaintiffs attorney recites that “upon information and belief’ Mr. Booker is currently employed in a denominated company, located at a definitive address including a suite number. (Affirmation of Frederic R. Abramson.) In seeking to have this court exercise its authority over this out-of-state defendant, the plaintiff has fallen on its sword.
Accordingly, the court concludes that it lacks jurisdiction over the defendant, and therefore, the motion to direct entry of a default judgment is denied and the action is dismissed.