■ FAINA SIMONOVSKAYA et al., Appellants, v WILLIAM OLIVO et al., Respondents. [759 NYS2d 329] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Hall, J.), dated November 20, 2000, which, inter alia, denied their motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint, and granted the defendants' cross motion pursuant to CPLR 3211 (a) (8) to dismiss the action for lack of personal jurisdiction, and (2), as limited by their brief, from so much of an order of the same court, dated March 26, 2002, as, in effect, upon granting reargument, adhered to the original determination.

Ordered that the appeal from the order dated November 20, 2000, is dismissed, without costs or disbursements, as that order was superseded by the order dated March 26, 2002, made upon reargument; and it is further,

Ordered that the order dated March 26, 2002, is modified, as a matter of discretion, by deleting the provision thereof which, upon reargument, adhered to so much of the prior determination as denied the motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint, and substituting therefor a provision granting that motion, and by deleting the provision thereof which, upon reargument, adhered to so much of the prior determination as granted the cross motion to dismiss the action and substituting therefor a provision denying the cross motion; as so modified, the order dated March 26, 2002, is affirmed insofar as appealed from, without costs or disbursements, and the order dated November 29, 2000, is modified accordingly.

Pursuant to CPLR 308 (4), "nail and mail" service may be used only where personal service under CPLR 308 (1) and (2)

cannot be made with "due diligence" (*see Gurevitch v Goodman,* 269 AD2d 355 [2000]). "The due diligence requirement of CPLR 308 (4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received" (*id.* at 355; *see Silber v Stein,* 287 AD2d 494 [2001]; *Moran v Harting,* 212 AD2d 517 [1995]). Contrary to the plaintiffs' contention, the Supreme Court properly concluded that the attempts made by their process servers to personally serve the defendants at their residence did not satisfy the due diligence requirement (*see Gurevitch v Goodman, supra; Moran v Harting, supra; Roman v Guzzardo,* 198 AD2d 489 [1993]).

However, upon consideration of the relevant factors in the interest of justice, the plaintiffs' motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint should have been granted and the defendants' cross motion pursuant to CPLR 3211 (a) (8) to dismiss the action for lack of personal jurisdiction should have been denied (*see Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95 [2001]; *Earle v Valente,* 302 AD2d 353 [2003]; *Lee v Corso,* 300 AD2d 385 [2002]; *Foote v Ruiz,* 289 AD2d 374 [2001]). Altman, J.P., Krausman, McGinity and Cozier, JJ., concur.