OPINION OF THE COURT
Timothy J. Dufficy, J.
Plaintiff brings this motion to enter a default judgment against the defendant pursuant to CPLR 3215 (a) for failure to answer the complaint.
Plaintiffs motion is denied.
Relevant Facts
Plaintiff alleges that it rendered medical services to defendant in January and February of 2000 and defendant owes plaintiff $2,845.54 plus interest from February 1, 2000.
The issues before the court are: (1) whether the court has personal jurisdiction over the defendant, and (2) whether plaintiff may avail itself of re-serving the summons and complaint.
Conclusions of Law
The court finds plaintiff failed to properly serve the summons and complaint, thus failing to confer personal jurisdiction to the court over the defendant. The service of the summons and complaint pursuant to CPLR 308 (4) was defective as a matter of law as plaintiff failed to exercise due diligence (see Gurevitch v Goodman, 269 AD2d 355 [2d Dept 2000]). The Second Department of the Appellate Division in Gurevitch (at 355-356) held that:
“It is well settled that service pursuant to CPLR 308 (4) may only be used in those instances where service under CPLR 308 (1) and (2) cannot be made with ‘due diligence’. The due diligence requirement of CPLR 308 (4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received (see, Moran v Harting, 212 AD2d 517; Walker v Manning, 209 AD2d 691; McNeely v Harrison, 208 AD2d 909; Scott v Knoblock, 204 AD2d 299).”
In accordance with the decision in Gurevitch, this court distinguishes the Appellate Division decision in Johnson v Waters (291 AD2d 481 [2d Dept 2002]), in which the Court reversed the *304 Supreme Court’s denial of plaintiffs motion pursuant to CPLR 3215 (a) for leave to enter judgment against the defendant upon his failure to timely appear or answer. In Johnson, the Second Department found that plaintiff acted with due diligence because the process server had made, on different days and at varying times, three attempts to serve the defendant personally at his residence; the first attempt was during normal working hours, the second was on a Wednesday evening, and the last on a Saturday morning. The matter before this court is distinguishable from Johnson. Although the plaintiffs process server alleges that he also made three attempts to serve defendant personally at different days and times, the attempts should have been made when it was reasonable to expect the defendant would be available to accept service at his home.
In the case at bar, the court notes that the first attempt at service was during the Thanksgiving holiday weekend on Saturday, November 26, 2005 at 10:45 a.m. The remaining two attempts occurred on Friday, December 2, 2005 at 4:00 p.m. and Friday, December 16, 2005 at 1:40 p.m., during business hours when it could reasonably be expected that the defendant was either working or in transit. No attempts were made early morning or after 5:00 p.m. After said attempts, the process server utilized “nail and mail” service pursuant to CPLR 308 (4). Two attempts to effect service on the defendant at his home during regular business hours and one attempt during the Thanksgiving holiday weekend do not constitute due diligence, particularly since the process server neglected to obtain the defendant’s business address in order to serve the defendant at his place of employment (see Moran v Harting, 212 AD2d 517 [2d Dept 1995]; Claerbaut v East Long Is. Hosp., 117 AD2d 772 [2d Dept 1986]).
The inquiry into whether due diligence has been exercised is conducted on a case-specific basis (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C308:5, at 28); however, regardless of the case-specific circumstances, an inquiry into defendant’s employment status is required pursuant to CPLR 308 (1) and (2) prior to utilizing CPLR 308 (4) “nail and mail” procedures (see Sanders v Elie, 29 AD3d 773 [2d Dept 2006]; O’Connell v Post, 27 AD3d 630 [2d Dept 2006]; Steltzer v Eason, 131 AD2d 833 [2d Dept 1987]; Gurevitch, supra; CPLR 308 [1], [2]). In the case at bar, the process server’s attempts to serve the defendant during business hours and on a holiday weekend, the absence of any effort or in *305 quiry as to whether defendant was employed or the location of his place of employment, and the resulting lack of an attempt to serve defendant at his place of employment clearly demonstrate a lack of the exercise of due diligence. Accordingly, service was improper and consequently the court does not have personal jurisdiction over the defendant.
The court turns to the second issue of whether the plaintiff may avail himself to re-serve the summons and complaint upon defendant pursuant to CCA 411. On September 8, 2005, the Civil Court of the City of New York adopted a “filing” system for the commencement of actions which replaced the previous system delegating commencement of an action to the time at which a plaintiff served the defendant with the summons and complaint (CCA 411). Under this new rule, applicable to all actions and proceedings commenced on or after September 8, 2005 in New York City Civil Court, the service of a summons no longer signifies the commencement of an action or proceeding, rather it is the filing of the summons and complaint that marks the commencement (Siegel, 2005 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 400, 2006 Pocket Part, at 36-37).
The time allotted for a plaintiff to serve the defendant with notice of the summons and complaint is limited to 120 days after the filing of said summons and complaint (CCA 411). Notwithstanding this requirement, the court may exercise its discretion and extend the time for the service upon a showing of good cause or that such an extension would be consistent with the interest of justice. Professor Siegel writes directly on this issue as follows (164 Siegel’s Practice Review, Basic Change in Practice in Civil, District, and City Courts: “Filing” System Adopted; Summons Service No Longer Deemed “Commencement, ” at 3 [Aug. 2005]) which states in pertinent part:
“What § 411 does adopt from CPLR 306-b— verbatim — is the criterion for allowing the court to extend the time for service if the 120 days is about the [sic] expire, or, indeed, already has. The court can grant a time extension ‘upon good cause shown or in the interest of justice’. All lawyers must be forewarned about that, however. The statute seems generous, but the Court of Appeals, bent in recent years on punishing dilatory conduct in litigation, has construed the provision in CPLR 306-b strictly, holding that a time extension must be denied unless *306 there’s strong proof of a good reason for it. See Slate v Schiavone Constr. Co., 4 N.Y.3d 816, 796 N.Y.S.2d 573 (March 29, 2005), the subject of the lead note in Issue No. 544 of the New York State Law Digest. An equivalent attitude can be expected under the new §411.”
This court holds that given newly enacted legislation, plaintiff has failed to serve the summons and complaint within the statutorily required 120-day period. However, the court may exercise its discretion in permitting plaintiff to re-serve the summons and complaint (164 Siegel’s Practice Review, at 3 [Aug. 2005], supra) and shall exercise said discretion to permit plaintiff to re-serve the defendant within 120 days from the date of this order.
In the case at bar, after a review of the court file, the court takes notice that the summons and complaint was filed in this court’s general clerk’s office on November 23, 2005. Under the Civil Court’s new filing system, the summons and complaint was required to be served on or before March 23, 2006 (see CCA 411). However, despite the timely filing, this court refuses to render judgment over the defendant due to the lack of personal jurisdiction: thus dismissal is in order (see Moran v Harting, 212 AD2d 517 [2d Dept 1995]). Accordingly, plaintiffs motion is denied and the action is dismissed.
However, as noted above, the court finds this action was commenced in a timely fashion and in accordance with the new filing system in the office of the General Clerk of the Civil Court of the City of New York, Queens County. Accordingly, despite the dismissal of the complaint on the grounds of lack of personal jurisdiction, pursuant to Gurevitch (supra), plaintiff may avail itself to re-serving the defendant within 120 days of the date of this decision and order (Gurevitch v Goodman, 269 AD2d 355, 356 [2d Dept 2000]).