■ COUNTY OF NASSAU, Appellant, v DANIEL V. BARRIOS et al., Respondents, et al., Defendant. [846 NYS2d 920]—In a civil forfei-

ture action pursuant to Nassau County Administrative Code § 8-7.0 (g) (L 1939, chs 272, 701-709, as amended), the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), entered July 12, 2006, as granted that branch of the motion of the defendants Daniel V. Barrios and Daniel E. Barrios which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the particular circumstances of this case, the plaintiff's process server, who attempted to effectuate service of the summons and complaint upon the defendants Daniel V. Barrios and Daniel E. Barrios (hereinafter the defendants) via the "nail and mail" method of service, did not satisfy the "due diligence" requirement of CPLR 308 (4). Accordingly, the Supreme Court correctly granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction (*see* CPLR 3211 [a] [8]; *County of Nassau v Long*, 35 AD3d 787, 787-788 [2006]; *County of Nassau v Yohannan*, 34 AD3d 620, 621 [2006]; *County of Nassau v Letosky*, 34 AD3d 414, 415 [2006]). Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur.