In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated March 5, 2008, which denied her motion pursuant to CPLR 306-b for an extension of time in which to serve process upon the defendant, or in the alternative, pursuant to CPLR 3211 to dismiss the affirmative defense of lack of personal jurisdiction, and granted the defendant’s motion, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint on the ground of lack of personal jurisdiction.
Ordered that the order is affirmed, with costs.
The plaintiff commenced the instant action by filing a summons and complaint just a few days prior to the expiration of the statute of limitations. The summons and complaint were *714 served upon the defendant by “nail and mail” service (see CPLR 308 [4]) after the statute of limitations had expired. However, as the Supreme Court correctly found, this service was ineffective as the plaintiff failed to exercise the requisite due diligence in first attempting to serve the defendant pursuant to CPLR 308 (1) or (2) (see Moran v Harting, 212 AD2d 517, 518 [1995]; Walker v Manning, 209 AD2d 691, 692 [1994]; McNeely v Harrison, 208 AD2d 909, 910 [1994]).
Moreover, under the facts of this case, the Supreme Court did not improvidently exercise its discretion in declining to extend the plaintiffs time to serve the summons and complaint pursuant to CPLR 306-b. Notwithstanding the expiration of the statute of limitations, the plaintiff did not demonstrate facts and circumstances that would support the grant of such relief in the interests of justice (see Otero v Flushing Hosp., 300 AD2d 639, 640 [2002]; Rihal v Kirchhoff, 291 AD2d 548 [2002]). Skelos, J.P., Dillon, Garni and Leventhal, JJ., concur.