■ ROWLAND GUREJE, Appellant, v JASMINE RICHARDSON et al., Respondents. [873 NYS2d 190]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated April 10, 2008, which granted the defendants' motion to vacate an order of the same court (Ruditzky, J.), dated February 2, 2007, granting the plaintiff's motion for leave to enter a judgment upon their default in appearing or answering and setting the matter down for an inquest on the issue of damages, to vacate an order of the same court (Morano, J.), dated March 20, 2007, made after the inquest on the issue of damages, directing an award of damages in the principal sum of $50,000, and to vacate the bill of costs and disbursements entered on April 5, 2007.

Ordered that the order is affirmed, with costs.

The summons and complaint in the instant action were served upon the defendants by the "affix and mail" method (*see* CPLR 308 [4]). However, the record demonstrates that this service was ineffective since the plaintiff failed to exercise the requisite due diligence in first attempting to serve the defendants pursuant to CPLR 308 (1) or (2) (*see Moran v Harting*, 212 AD2d 517, 518 [1995]; *Walker v Manning*, 209 AD2d 691, 692 [1994]; *Mc-*

*Neely v Harrison*, 208 AD2d 909, 910 [1994]). Accordingly, the Supreme Court properly granted the defendants' motion. Spolzino, J.P., Ritter, Covello, McCarthy and Belen, JJ., concur.