HELEN KRISILAS, Appellant, v MOUNT SINAI HOSPITAL et al., Defendants, and DAMIEN KIM, Respondent. [882 NYS2d 186]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Agate, J.), dated January 28, 2008, which, after a hearing to determine the propriety of service of process, granted the motion of the defendant Damien Kim pursuant to CPLR 3211 (a) (8) to dismiss the complaint and cross

claim insofar as asserted against him for lack of personal jurisdiction, and (2) a judgment of the same court entered February 25, 2008, which, upon the order, dismissed the complaint and cross claim insofar as asserted against the defendant Damien Kim.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from so much of the judgment as dismissed the cross claim insofar as asserted against the defendant Damien Kim is dismissed, as the plaintiff is not aggrieved by that portion of the judgment (*see* CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant Damien Kim.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"Affix and mail" service pursuant to CPLR 308 (4) may be used only where personal service under CPLR 308 (1) and (2) cannot be made with "due diligence" (*see Estate of Waterman v Jones,* 46 AD3d 63 [2007]; *County of Nassau v Letosky,* 34 AD3d 414 [2006]; *Gurevitch v Goodman,* 269 AD2d 355 [2000]). "This Court has repeatedly emphasized that 'the due diligence requirement of CPLR 308 (4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received' " (*McSorley v Spear,* 50 AD3d 652, 653 [2008], quoting *Gurevitch v Goodman,* 269 AD2d 355, 355 [2000]; *see Silber v Stein,* 287 AD2d 494 [2001]; *Moran v Harting,* 212 AD2d 517 [1995]).

According to the affidavit of service and the amended affidavit of service, the process server attempted to personally deliver the summons and complaint to the defendant Damien Kim at his actual place of business on February 20, 2007, at 10:15 A.M. and February 21, 2007 at 6:07 P.M. The process server testified, at a hearing to determine the propriety of service of process, that after returning to Kim's office for a third time, and finding no one present, he allegedly effectuated service pursuant to CPLR 308 (4).

Kim provided an affidavit in support of his motion, inter alia,

to dismiss the complaint insofar as asserted against him and testified at the hearing that he did not maintain office hours during the days and times that the plaintiff's process server attempted to serve process. The process server testified that he did not attempt to contact Kim to ascertain his office hours when he would reasonably be expected to be there, question the plaintiff about her knowledge concerning Kim's office hours, or attempt to locate Kim's home address (*see Estate of Waterman v Jones,* 46 AD3d at 66). As such, the Supreme Court properly concluded after the hearing that the plaintiff failed to establish that due diligence was exercised in trying to effectuate service pursuant to CPLR 308 (1) or (2) before "affix and mail" service was utilized (*see Gureje v Richardson,* 59 AD3d 494 [2009]; *Crystal v Lisnow,* 56 AD3d 713 [2008]; *Commissioners of State Ins. Fund v Khondoker,* 55 AD3d 525 [2008]; *County of Nassau v Barrios,* 46 AD3d 606, 607 [2007]; *County of Nassau v Long,* 35 AD3d 787 [2006]; *County of Nassau v Letosky,* 34 AD3d 414 [2006]). Accordingly, the Supreme Court properly granted that branch of Kim's motion, pursuant to CPLR 3211 (a) (8), which was to dismiss the complaint insofar as asserted against him.

"It is axiomatic that the failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (*McMullen v Arnone,* 79 AD2d 496, 499 [1981]; *see Khanal v Sheldon,* 55 AD3d 684 [2008]). Such a defect is not cured by the defendant's subsequent receipt of actual notice of the action, "since notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court" (*Feinstein v Bergner,* 48 NY2d 234, 241 [1979]; *see McMullen v Arnone,* 79 AD2d at 499). Thus, there is no merit to the plaintiff's contention that service of process was proper because Kim received actual notice of the action with an opportunity to defend himself (*see Raschel v Rish,* 69 NY2d 694, 697 [1986]; *Merchants Ins. Group v Coutrier,* 59 AD3d 602 [2009]; *County of Nassau v Letosky,* 34 AD3d 414 [2006]). Dillon, J.P., Florio, Balkin and Austin, JJ., concur.