Arena Special Opportunities Fund, LLC v McDermott (2023 NY Slip Op 51052(U))

[*1]

Arena Special Opportunities Fund, LLC v McDermott

2023 NY Slip Op 51052(U)

Decided on October 6, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 6, 2023
Supreme Court, New York County

Arena Special Opportunities Fund, LLC, ARENA ORIGINATION CO., LLC, Plaintiff,

against
Max McDermott, TONYA MCDERMOTT, Defendant.

Index No. 650054/2023

Attorneys for Plaintiff: 
Joshua A Berman, Paul Hastings LLP
Laura Rees Logsdon, Paul Hastings LLP
Benjamin Scott Gilberg, Paul Hastings LLP
Kyrsten Rita Ponturo, Paul Hastings LLP
Counsel for Defendants:
Eileen DeLucia Holwell Shuster Goldberg LLP
Blair Eden Kaminsky Holwell Shuster Goldberg LLP

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 45, 47, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64 were read on this motion to/for JUDGMENT - SUMMARY IN LIEU OF COMPLAINT.
The following e-filed documents, listed by NYSCEF document number (Motion 002) 18, 19, 20, 21, 22, 46, 65 were read on this motion to/for ORDER OF ATTACHMENT.
The following e-filed documents, listed by NYSCEF document number (Motion 004) 48, 49, 50, 51, 52, 53 were read on this motion to/for DISMISS.
In motion sequence 001, plaintiffs Arena Special Opportunities Fund, LLC and Arena Origination Co., LLC move for an order, pursuant to CPLR §3213, for summary judgment in lieu of complaint directing entry of judgment in favor of plaintiffs and against defendant Max [*2]McDermott ("McDermott"),[FN1]
awarding damages in the amount of $13,428,955.40, together with interests. Arena entities move on the grounds that defendant is liable to plaintiffs upon an instrument for the payment of money only, which, in this case, is a personal guaranty that McDermott executed in favor of plaintiffs, guaranteeing payment obligations under a loan agreement — a document which has been considered by the court in a companion case, Arena Special Opportunities Fund, L.P. et al v. Arbor One Escrow, Inc. et al, Index No. 650995/2023.
In motion sequence 004, defendant McDermott moves to dismiss plaintiffs' CPLR § 3213, motion arguing that he was improperly served, and that there are genuine issues of fact concerning the damages that plaintiffs seek.
In motion sequence 002, plaintiffs separately move, pursuant to CPLR § 6201 and CPLR § 6212, for prejudgment attachment. 
Defendant McDermott, in the court's view, has established that the court lacks jurisdiction to entertain plaintiffs' motion for summary judgment in lieu of complaint — as plaintiffs never properly served defendant.
DISCUSSION
CPLR §§ 308(1) and 308(2) set forth standard methods of personal service, either by delivering the summons to the defendant or by leaving it with a person of suitable age and discretion at the defendant's home or place of business and thereafter mailing the same (see CPLR §§ 308[1], [2]). Where service cannot be made pursuant to these provisions with due diligence, service may be effectuated by "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by mailing the summons to such person at his or her last known residence" (CPLR § 308[4]). Courts strictly observe the requirement that a plaintiff exercise due diligence in attempting to comply with either CPLR §§ 308(1) or (2) (see Moran v. Harting, 212 AD2d 517, 518 [2d Dep't 1995]). If the defendant cannot reasonably be expected to be found at the location at which service was attempted, a plaintiff has not exercised due diligence (see Mid-Island Mortg. Corp. v. Drapal, 175 AD3d 1289, 1290 [2d Dep't 2019]).
Here, according to plaintiffs' own allegations and submissions, a process server made four attempts to personally serve McDermott at the address of "6712 Sycamore Glen Dr., Orange, CA 92869," but was apparently unable to do so because the residence was located within a gated community. Therefore, service pursuant to CPLR §§ 308[1], [2] never occurred. The process server then proceeded to serve the papers "by posting the documents in a conspicuous place at the premises" and mailing them, presumably to the same address, pursuant to CPLR § 308[4] (see NYSCEF Doc. Nos. 23 and 24.)
However, it is well settled that nail and mail service pursuant to CPLR §308[4] may only be used where service CPLR §§308[1] and [2] cannot be made with "due diligence" (Moran v Harting, 212 AD2d 517, 518 [2d Dept 1995]). In this case, plaintiffs have not proffered any facts indicating that they engaged in any due diligence in confirming the validity of defendant's [*3]address. First, defendant maintains that he has not owned or resided at 6712 Sycamore Glen Dr., Orange, CA 92869 for several years (see NYSCEF Doc. No. 55, Max Aff. ¶ 2). Defendant also represents that a simple title search would have confirmed that the address in question did not belong to him. Plaintiffs, on the other hand, contend that it was reasonable to infer that McDermott resided at the alleged address in light of certain representations that McDermott made when he executed the loan agreement and the personal guaranty — nearly a year before this action was commenced. More specifically, plaintiffs maintain that in a Non-Recourse Guaranty — one of the documents executed together with all of the loan documents on May 3, 2022 — McDermott listed his address as "6712 E. Sycamore Glen Dr., Orange, CA 92869." Beyond that, plaintiffs admit that they had not taken any other steps to confirm whether the Sycamore Glen Dr. address was an actual location where defendant resided at or around the time of service.
The Second Department's decision in Moran v Harting, 212 AD2d 517 [2d Dept 1995]) sets the scene for due diligence in the context of CPLR §308[4]. There, the Appellate Division ruled that plaintiffs engaged in defective service of the process. In the Moran case the plaintiffs' process server averred that he made four attempts to personally serve the defendant at his home in Bedford, New York. When these efforts proved unsuccessful, the process server utilized nail and mail service pursuant to CPLR §308[4]. In ruling that the Moran plaintiffs did not engage in sufficient due diligence that would entitle them to utilize the nail and mail type of service, the court observed that plaintiffs did not even attempt to ascertain defendant's business address in Bedford and to effectuate personal service at that location.
Here too, plaintiffs did not even attempt service at McDermott's places of business, despite knowing the exact location of defendant's businesses. Moreover, plaintiffs did not make any efforts whatsoever to ascertain the address of McDermott's then-current actual residence, or to confirm whether the Sycamore Glen Dr. was still the address where McDermott resided at the time of the service. To the extent that McDermott made representations in one of the loan agreement's auxiliary documents that he resided at the Sycamore Glen Dr. address, those representations were made almost a year before plaintiffs commenced this action. First, it is reasonable to anticipate that a person may move or otherwise change their residence within a year. Second, plaintiffs are arguing in the companion case that many of the representations made in the loan agreement (and other accompanying documents) were false, or at the very minimum, misleading. In that context, it is of a particular importance to not take defendant's words at their face value, but, instead, to take steps to verify the information provided, including information regarding defendant's place of residence. Plaintiffs had not done so — and still have not done so.
Arena contends that in Everbank v. Kelly, 203 AD3d 138, 144 [2d Dep't 2022], the "Appellate Division reversed[the trial court's finding that service was improper], holding that, "Prcess [sic] servers need not exercise due diligence to locate the defendant for personal delivery of the summons prior to effective service under CPLR 308(2)" (see NYSCEF Doc. No. 77, Corrected Letter at 2). What Arena fails to appreciate is that due diligence is required before service can be effected under CPLR § 308(4), not CPLR § 308(2); the Everbank court's language is not to the contrary. In fact, the Appellate Division in Everbank reversed the lower court decision and dismissed the complaint for lack of personal jurisdiction, finding that the defendant's testimony "established that process was not effectuated at a location authorized by CPLR 308(2)" — that is, defendant's "actual" residence. So too here, where McDermott was not served by nail-and-mail at his "actual" residence, this court has been deprived of jurisdiction over McDermott's person.
Moreover, the Everbank court further states that "[s]ervice may be made upon a person of suitable age and discretion at a defendant's actual place of business, dwelling place, or usual place of abode, with the requisite additional mailing, even upon the first attempt at service. In that respect, CPLR 308(2) is different from other methods of substituted service such as the 'affix and mail' procedure of CPLR 308(4), where due diligence must be undertaken to serve the defendant under either CPLR 308(1) or (2) before resorting to that alternate method" (Everbank, 203 AD3d at 144-45 [emphasis added]). That is precisely the situation here, where basic due diligence should have been conducted to determine McDermott's actual residence for service under CPLR §308(2) before Arena resorted to service pursuant to CPLR §308(4).
In light of these facts, the affidavit of the plaintiffs' process server, and plaintiffs' failure to engage in any due diligence, the attempted service of the summons and complaint pursuant to CPLR §308[4] was defective as a matter of law (see Fattarusso v Levco Am. Improvement Corp., 144 AD2d 626 [2d Dep't 1988]).
Plaintiffs also argue that defendants' counsel accepted service of Arena's motion papers on behalf of her client (see NYSCEF Doc. No 61 at 3). However, plaintiffs admit that a formal stipulation to this effect was never executed (id. at 4). In addition, plaintiffs' documents which purport to demonstrate that defendants' counsel accepted service on behalf of her clients only show that plaintiffs sent the papers to McDermott's counsel for "good hygiene" (id.). Plaintiffs' documents do not in any manner demonstrate or confirm defendant's counsel's acceptance of the service, recognition that the papers were received, or expression that said counsel was authorized by her client to accept service on his behalf (id. at 4-5). In other words, although it is well established that counsel can accept service on behalf of her client, here, plaintiffs have failed to prove that such acceptance actually occurred (see, e.g., Raes Pharmacy, Inc. v. Perales, 181 AD2d 58 [1st Dept, 1992]).
Since plaintiffs failed to properly serve McDermott, this court cannot exercise personal jurisdiction over him, and must therefore dismiss plaintiffs' motion for summary judgment in lieu of complaint (motion sequence 001) (CPLR § 3211[a][8]; In Ja Kim v. Dong Hee Han, 37 AD3d 662, 662 [2d Dep't 2007] ["The purported service of process under CPLR 308(4) was defective and personal jurisdiction was not acquired over the defendant]"). Motion sequence 002 is dismissed for the same reason. Inversely, and for the same reasons, defendant's motion to dismiss, which is recorded in the system as motion sequence 004 is granted.
Accordingly, it is
ORDERED that plaintiffs' motion pursuant to CPLR §3213 for summary judgment in lieu of complaint (motion sequence 001), is denied; and it is further
ORDERED that plaintiffs' motion pursuant to CPLR § 6201 and CPLR § 6212 for prejudgment attachment (motion sequence 002) is denied as moot; and it is further
ORDERED that defendant's motion to dismiss (motion sequence 004) is granted; and it is further
ORDERED that this action is dismissed without prejudice.
DATE October 6, 2023
ROBERT R. REED, J.S.C.

Footnotes

Footnote 1:During the briefing stage, plaintiffs withdrew this motion with respect to Tonya McDermott. Therefore, the court will only consider this motion in substance in the context of the plaintiffs' argument that Max McDermott is liable as a guarantor and that each of the CPLR 3213 elements is satisfied.